SAMUEL B. REDMAN

*v.*

THE PHILADELPHIA, MARLTON AND MEDFORD RAILROAD COMPANY.

That section of the general railroad law which authorizes a railroad corporation to enter on lands and begin constructing their road, after paying into the circuit court of the county where the lands lie, the amount awarded, pending their appeal from such award, is unconstitutional in that compensation, or a tender thereof to the land-owner, does not precede the use and occupation of his lands; and for want of such tender he may enjoin the company from entering upon his lands and constructing their road thereon.

On motion for injunction. Heard on bill and order to show cause, no answer being made.

*Mr. S. H. Grey,* for complainant.

*Mr. Peter L. Voorhees,* for defendants.

THE VICE-CHANCELLOR.

The defendants are a railroad corporation, organized under the general railroad law, for the purpose of constructing a railroad from Haddonfield, in the county of Camden, to Medford, in the county of Burlington. The complainant owns a farm in the county of Camden, situated on the line of the projected road. Being unable to agree with him for the purchase of a right of way through the farm, the defendants procured commissioners to be appointed to appraise the value of his land and assess his damages. The commissioners' report awards him $2,544. The defendants have appealed. They have not paid the complainant

the sum awarded, nor tendered or offered to pay it, but have paid it into the circuit court of the county of Camden, under an order directing that it shall remain there to abide the result of the appeal or the further order of the court. In this posture of affairs, the defendants took possession of the complainant's lands, in spite of his resistance, and are now proceeding with the work of constructing their road thereon. He now appeals to this court to protect him in the enjoyment of his property, until compensation shall be made to him for it. He has always been willing to accept the sum awarded by the commissioners, and allow the defendants to take the lands condemned.

If the defendants' appropriation of the complainant's lands constitutes a taking of private property by a private corporation, without compensation first made to the owner, there can be no doubt that it is the duty of the court to give to the complainant the protection he seeks. *Browning* v. *Camden and Woodbury R. R. Co., 3 Gr. Ch. 47; Jersey City and Bergen R. R. Co.* v. *Jersey City and Hoboken H. R. R. Co., 5 C. E. Gr. 61; Mettler* v. *Easton and Amboy R. R. Co., 10 C. E. Gr. 214; Morris and Essex R. R. Co.* v. *Hudson Tunnel R. R. Co., Id. 384.*

The defendants claim that their act in appropriating the complainant's lands, under the circumstances stated, was authorized by law. Their warrant is found in the last clause of the thirteenth section of the general railroad law, which provides that in case any company incorporated under this act shall appeal from the finding of the commissioners appointed to appraise and assess, then the said company shall, on payment of the amount so assessed or found into the circuit court of the county where the lands taken lie, be empowered to enter upon and take possession of said lands, and proceed with the work of constructing its road. *Rev. 929 § 101.* This clause did not form part of the original act (*P. L. of 1873 p. 88*), but was added by amendment. *P. L. of 1877 p. 192.* The twelfth section of the act provides that after the report of the commissioners shall have been filed in the office of the clerk of the county where the lands taken lie, and on payment or tender of the amount awarded, as thereinafter provided, the corporation shall be em-

Redman v. Philadelphia, Marlton and Medford R. R. Co.

powered to enter upon and take possession of the lands con-
demned.  *Rev. 928* § *100.*  The directions of the two sections
just referred to upon this subject, stood, in the original act, in
exact harmony.  The twelfth directed that on payment or tender
of the sum awarded, the corporation should have the right of
appropriation; while the thirteenth provided that in case a
tender was made, and the land-owner refused to accept, the
money should be paid into court, and thereupon the corporation
should be empowered to take possession.

There can be no doubt that if the law stood now in its original
form, the act of the defendants would be without legal warrant.
Under the original act, except they paid the sum awarded, or
made a tender of it, they acquired no right.  The introduction
of the new clause, by amendment, shows conclusively, I think,
that the legislature intended thereby to prescribe a new and
different rule from that prescribed by the original act.  Any
attempt, therefore, to read the new provision so as to make it
harmonize with the old and express the same idea must, I think,
prove futile.  The new enactment, as I understand it, says
plainly that if the corporation appeal from the finding of the
commissioners, they shall be authorized, on paying the money
into court, and without making payment or tender to the land-
owner, though he is known and of full capacity, and his title is
unquestioned, to appropriate his lands.

Is this enactment a law—in other words, is it within the scope
of the powers conferred by the constitution upon the legisla-
ture?  Under every form of government, private property may
be taken for public use.  The constitution of this state imposes
two important restrictions upon the exercise of this power.  The
first is found in the bill of rights, and ordains that " private
property shall not be taken for public use without just compen-
sation ;" and the second is found in that part of the constitu-
tion which limits the power of the legislature.  It ordains that
" individuals or private corporations shall not be authorized to
take private property for public use, without just compensation
first made to the owners."  The first was intended to regulate
the right of the state, whether the power is exercised by the state

for its own purposes, or by a municipal corporation for its purposes, under the authority of the state; and the second was intended to limit the power of the legislature in granting the right to such bodies as the defendants. It is the last regulation which must govern my action in this case. Its meaning, to my mind, is perfectly obvious; indeed, it is its own expositor. When this is the case, reasoning and illustration have no office. What is already perfectly clear and plain cannot be made more so by any process of demonstration. As a general rule, any attempt in that direction is more likely to obscure than elucidate. The provision under consideration plainly ordains that compensation shall precede appropriation; and if the legislature, in this enactment, have not observed this direction, they have transcended their power.

Such, I think, has been the uniform construction given to this clause by both the legislative and judicial departments of the government. I think it will be very difficult to find a single instance, before the present, where the legislature, since the adoption of the present constitution, have granted to a private corporation the power to exercise the right of eminent domain, except on condition that payment or tender of compensation should precede appropriation, if the person entitled to it was known and of full capacity, and his title was free and unquestioned. There may be such instances; but if they exist, it is certain the power thus granted has never been exercised in defiance of the will of the land-owner. Under charters containing the condition above mentioned, the courts of this state have repeatedly held that the corporation acquired no right to appropriate the lands until compensation was first made, either by payment or tender. *Starr* v. *Camden and Atlantic R. R. Co., 4 Zab. 592, 598; Metler* v. *Easton and Amboy R. R. Co., 8 Vr. 222; Morris and Essex R. R. Co.* v. *Hudson Tunnel R. R. Co., 10 C. E. Gr. 384; Mettler* v. *Easton and Amboy R. R. Co., Id. 214.* Tender, if the money is refused, is regarded as equivalent to payment. *Doughty* v. *Somerville and Easton R. R. Co., 1 Zab. 442; Mercer and Somerset R. R. Co.* v. *Delaware and Bound Brook R. R. Co., 11 C. E. Gr. 464.* Compensation is not made in fact in such

case, because the person entitled to it will not accept it. But it is in law. It is his fault that it is not made in fact, and he cannot therefore be heard to urge his own wrong for the purpose of defeating the right of the corporation.

Chancellor Halsted, in *Doughty* v. *Somerville and Easton R. R. Co., 3 Hal. Ch. 51*, held distinctly that if the charter under consideration in that case authorized the railroad company to take possession of the complainant's lands, without first making compensation, either by payment of the sum awarded by the commissioners or making tender of it, it was, in that respect, unconstitutional and void. Mr. Justice Depue, in *Loweree* v. *Newark, 9 Vr. 151*, in defining the difference as to the time when compensation must be made, under the two clauses of the constitution above quoted, said where private property is taken by the state, or by a municipal corporation by authority of the state, compensation need not precede actual appropriation ; but where it is taken by individuals or a private corporation, by the exercise of the right of eminent domain, there compensation must precede occupancy. These utterances merely reiterate what the constitution declares with the utmost plainness and simplicity.

I do not think the validity of this enactment can be vindicated, on the ground that the power of the legislature to define what shall be considered making compensation under this clause, is without restriction, and that it is therefore competent for it to declare that the payment of the money into court, or to any other agency of government, or to an indifferent, responsible third person, shall be considered a compliance with this provision of the constitution. Such an interpretation seems to me much more like an evasion than even a subtle construction. The command of the constitution is that compensation *shall be made to the owner ;* that is, that the money shall become his, and that he shall have the same dominion over it that he had over the land before it became the property of the corporation, and not that the money shall be made secure to him, or that it shall be placed in the custody of the law or impounded for his benefit. The manifest purpose of the framers of the constitution was not

to give the parties reciprocal or concurrent rights, but to give precedence and superiority to that of the land-owner. They meant that until he had his compensation in his hand, provided he was willing to accept it, the corporation should acquire no right to the possession of his land. This enactment, if enforced, will subvert that purpose, and it is therefore, in my judgment, without constitutional warrant and void.

I am fully aware of the gravity of the question submitted for judgment, and that the conclusion I have reached is one that should not be formed without very careful deliberation. But I am so thoroughly persuaded, by full reflection and careful examination, that this enactment transcends the power committed to the legislature by the constitution, that I cannot hesitate to say so.

An injunction must go, prohibiting the defendants from appropriating the lands condemned, until they shall have first paid the compensation awarded by the commissioners, or such other as may be found by a jury.