## THE CITY OF MINOT, a Municipal Corporation, Appellant, v. ANNIE C. OLSON, Respondent.

(173 N. W. 458.)

**Eminent domain — damages — payment into court.**

1. In an action by a city to condemn for public use an alley as a right of way, where a judgment has been rendered providing that the damages assessed shall be paid by special assessments to be levied as provided by law, and where pursuant thereto there is paid into court, for the damages awarded to the defendant, a city warrant, it is *held* that such payment is improper under the provisions of § 14 of art. 1 of the Constitution, requiring money to be paid to, or into court for, the owner.

**Eminent domain — payment of damages.**

2. In such proceedings for a public right of way, § 3737, Compiled Laws 1913, does not permit the payment of damages to property taken or used, by a city warrant or otherwise than as prescribed by the provisions of § 14 of art. 1 of the Constitution, even though therein provision is made that the city, within

three months after the entry of judgment, may levy a special assessment for the payment thereof.

**Eminent domain — payment of damages.**

3. In such action, where judgment was rendered on June 6, 1916, and thereafter pursuant to § 3737, Compiled Laws 1913, the city, within three months, levied a special assessment to pay for the damages awarded, and issued and paid into court city warrants against such special assessment as payment to the defendants, and where, thereafter, on August 13, 1917, pursuant to motion made, the court dismissed and vacated the judgment so rendered, no payment in money having been made to the defendant, it is *held* that the trial court did not err in so doing.

Opinion filed April 29, 1919.

Appeal from order of District Court, Ward County, *Leighton,* J., dismissing a judgment rendered for condemnation of an alley.

Affirmed.

*G. S. Wooledge,* for appellant.

*Fisk & Murphy,* for respondent.

BRONSON, J. This is an action of condemnation to open up an alley through a certain block in the city of Minot. On June 6, 1916, judgment of condemnation was entered for the alley involved and an award made for the separate value of the property taken from some sixteen defendants. The respondent herein, as one of such defendants, was awarded damages in the sum of $1,100. The judgments provided that each of them be paid by special assessments levied against the abutting property as provided by law. On August 9, 1917, pursuant to a motion and affidavit therefor, the trial court issued an order to show cause why the proceedings theretofore had should not be set aside, upon grounds stating that thirty days had elapsed since the final judgment was entered, and the city had wholly failed to pay the sum of money so assessed, either to the defendant or by depositing the same in court for the defendant, and that the same could not be made on execution. To such motion, the city responded by showing that a city warrant for $1,100 on July 6, 1916, was filed with the clerk of the district court, and notice of the same given to the respondent; and that all of the defendants excepting the respondent had accepted city war-

rants, and, further, that prior to August 9, 1917, the respondent had not made any objection whatsoever to payment by such warrant. Pursuant to this order to show cause the trial court on August 12, 1917, vacated and set aside the judgment, so far as the same affected the respondent herein, upon the grounds recited in such order to show cause.

From the order of the trial court so made, the city of Minot prosecutes this appeal. The only question for the consideration of this court is the authority of the trial court to vacate such judgment pursuant to its order made. The questions of law presented are as follows:

1. The validity of the judgment as rendered.

2. The construction to be placed upon § 3737, Compiled Laws 1913, in connection with § 14 of art. 1 of the Constitution.

3. The construction of said § 3737 in connection with §§ 8226 and 8227, Compiled Laws 1913.

Section 14 of article 1 of the Constitution provides:

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation, other than municipal, until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived."

Section 3737, Compiled Laws 1913 (Sess. Laws 1905, chap. 62, § 174), provides that where judgment is rendered in condemnation proceedings for damages to property used by the city it shall not be vacated or set aside provided the city within three months after its entry shall levy special assessments for its payment in whole or in part, and shall, at the time of the next annual tax levy, levy a general tax for the payment of such part of the same as is not to be paid by special assessment, and provided, further, that upon the failure of the city council to make such assessment and levy as herein stated, such judgment may then be vacated.

Section 3711, Compiled Laws 1913, provides for the issuance of city warrants in anticipation of the levy and collection of special assessment, and that such warrants may be used in making payments on contracts

for improvements, or may be sold for cash at not less than the par value thereof.

Section 8226, Compiled Laws 1913, provides that plaintiff must within thirty days after the final judgment pay the sum of money assessed. Section 8227, Compiled Laws 1913, further provides that payment may be made to the defendant, or may be deposited in court, and that, if the money be not so paid or deposited, the defendant may have execution as in civil actions. Sections 8226 and 8227 are a part of chapter 36 of the Code of Civil Procedure, setting forth the general statutory provisions applicable to the exercise of the right of eminent domain, and, if the money cannot be made on execution, the court upon a showing to that effect must set aside and annul the entire proceedings.

The appellant contends that the city, in its procedure so condemning the property involved, acted pursuant to chapter 44 of the Political Code of 1913, relating to cities, and including therein said §§ 3711 and 3737; that, under said § 3737, the court was not authorized to vacate such judgment rendered, for the reason that the city complied therewith by levying the necessary special assessment within three months, and that a city warrant was deposited in court for her, to which she has made no objection; that it ought to have been paid in cash. That, furthermore, §§ 8226 and 8227 do not apply to cities, exercising that right, since specific provisions, as hereinbefore quoted, are applicable thereto. The appellant further contends that the judgment rendered does not take or attempt to take the property of the defendant contrary to § 14 of article 1 of the constitutional provision, hereinbefore quoted, for the reason that the city, at the time the motion for the vacation of the judgment was made, had not taken the property involved; that the alley then had not been actually laid out; that the trial court could have modified the judgment if it felt that this final judgment, on which the time for appeal had expired, did not bind the defendant to receive something other than actual money, and then the city could have paid the defendant the money before it did take her property for public use. The appellant requests this court, in the event that it holds the defendant not bound to receive this special assessment warrant under the final judgment as rendered, to order that the judgment be modified as to her by providing that her damages be paid in money within a certain specified time.

In Martin v. Tyler, 4 N. D. 278, 25 L.R.A. 838, 60 N. W. 392, it was specifically held in construing § 14 of art. 1 of the Constitution, that private property cannot be taken for public use for right of way without just compensation in money being first made to, or paid into court for, the owner, even though it is sought to be taken by a municipal corporation; and, further, that payment by a county warrant drawn by drainage commissioners upon a drainage fund was not such payment as the Constitution required.

This case was decided in 1894, long before the new enactment of the provisions of the Political Code relied upon by the appellant herein. It must be taken for granted that when the legislature enacted the provisions, cited by the appellant with relation to eminent domain, that it was its intention to conform to the constitutional provisions mentioned, and to the construction placed upon the same by this court long prior thereto.

It is unnecessary for this court to determine whether said § 3737 of the Political Code, relating to cities, is inconsistent with or contravenes the provisions of §§ 8226 and 8227, or whether § 3737 is alone applicable in the exercise of eminent domain proceedings by cities, for the reason that we are clearly of the opinion that the city has not complied with the provisions of § 3737 and the other cognate provisions in the Political Code relating to cities when construed with the constitutional requirement. It is first noticed that the purported judgment states "that said judgment and each of them be paid by special assessments levied against the abutting property as provided by law." There is no provision in the said Political Code, relating to cities, authorizing judgments to be rendered in any such form. The question is not whether under § 3737 a judgment could be rendered, to be final and effective, which provided for the payment of the amount or damages as required by the Constitution within a reasonable time, such as three months after the entry of such judgment. The fact is that this judgment provided for a prospective payment by special assessments, to be levied against the abutting property. It is clear, under the constitutional provision, and the construction thereof heretofore given by this court, that it was not proper to require the defendant either to receive a city warrant in payment, or to wait, or be compelled to wait, until

such time in the future as the special assessments might be collected in cash.

Under § 3711, Compiled Laws 1913, ample authority was granted to the city to issue and sell for cash, warrants, in anticipation of the collection of such special assessments. Payment could have been made in money of any judgment rendered and special assessment had, pursuant to § 3737, Compiled Laws 1913. The fact that the city did make and levy a special assessment within the time required by § 3737, and did issue city warrants therefor as the law permitted, did not thereby grant to them any authority, under § 3737 or other provisions of the Political Code relating to cities, to obviate the mandatory provisions of the Constitution,—that payment under eminent domain proceedings must be made in money, either into court, or to the owner. No attempt was made to so do, in fact, and the judgment does not so require.

It therefore clearly appears that the contentions of the appellant cannot be sustained, and that the trial court was clearly right in vacating and setting aside the judgment. Furthermore, the whole intention of the statutory provisions concerning eminent domain in the Political Code relating to cities discloses a provision and desire for speedy trial, both in the trial court, and in the appellate court, and for speedy settlement and determination of the rights and demands of the parties under such proceedings. This action was instituted in the month of August, 1915; judgment was entered on June 6, 1916. The order vacating the judgment is dated August 13, 1917. Yet, during all this time no attempt in the record is shown to make payment in money to the defendant as required by the constitutional mandate. During the time this case has been pending in this court proceedings could have been instituted, and a determination had, upon new proceedings in this action to take this property involved under eminent domain, and to have had the matter adjusted and settled. No hardship, therefore, is imposed upon the city in sustaining the order of the trial court. It is therefore ordered that the order of the trial court be and the same is hereby affirmed, with costs to the respondent.

ROBINSON, J. (dissenting in part). On January 6, 1916, in a condemnation proceeding for the opening of a public alley in the city of Minot, the district court of Ward county gave judgment condemning

certain land of Annie Olson and awarding her, as damages, $1,100. On August 3, 1917, the court made an order vacating the judgment on the ground that it had not been paid. Now it appears that according to custom on July 6, 1916, a city or special assessment warrant for $1,100, in favor of Annie Olson, was filed with the clerk of the district court and notice given to her, and before moving to vacate the judgment she did not object to the warrant or demand payment in money.

The notice to vacate the judgment was made under the statute providing that the plaintiff must, within thirty days after final judgment, pay the money assessed, except where school or public lands on which no contract is outstanding is taken for public use. And if the money is not so paid or deposited, defendant may have execution as in a civil action, and if the money cannot be made on execution the court may annul the entire proceeding. Comp. Laws. §§ 8226, 8227. Manifestly those sections of the statute do not relate to condemnation proceedings by a city. However, it is clear that when land is taken by a city for public purposes, payment cannot be made in a city warrant, unless by consent or acquiescence of the owner of the land. The counsel do not cite any statute fixing the time within which a city must pay or lose the benefit of its condemnation proceeding, and it seems to some extent the time must be left to the reasonable discretion of the court. Doubtless, until payment the court might have deferred making an order for the entry of judgment on the verdict, or, by order or judgment, the court might have directed payment to be made within some reasonable fixed time.

In the conduct of a legal proceeding the rules of common courtesy must prevail. The legal procedure must not be made a travesty on justice. When the good lady had a written notice that there was left with the clerk of the court a city warrant for $1,100, payable to her, if she did not care to accept it, according to the usual custom in such cases, it was for her to serve a written notice refusing to accept the warrant and demanding payment in cash or legal tender within some reasonable time. It was not for her to remain silent for over a year and then, on a notice of two days, move to vacate the judgment. Nor was it for the court to grant the motion without giving the city a reasonable time within which to make payment.

The order of this court should be that the city shall pay the judgment

in lawful money within thirty days after the filing of the remittitur, and, on such payment being made, that the order appealed from be reversed, with costs; also, that the case be at once remanded.