Harry COWL, Plaintiff and Appellant,

v.

A. W. WENTZ, North Dakota State Highway Commissioner, Defendant and Respondent.

No. 7910.

Supreme Court of North Dakota.

Feb. 23, 1961.

C. J. Schauss, Mandan, for plaintiff and appellant.

Leslie R. Burgum, Atty. Gen., and Francis Breidenbach, Asst. Atty. Gen., for defendant and respondent.

TEIGEN, Judge.

The district court entered an order dismissing an appeal on the question of damages from an administrative taking of right of way by the State Highway Department on the ground that the appeal was not timely taken.

The appellant has appealed from said order to this court. The appeal was taken from an award of damages offered and deposited with the clerk of the district court pursuant to Section 14 of Article I of the Constitution of North Dakota. The validity of the taking is not challenged.

The State Highway Department had proceeded to acquire possession of appellant's land for right of way purposes for Interstate Highway No. 94. It made an offer to purchase which was refused and then made a deposit of the amount of the offer with the clerk of the district court of the county where the right of way is located.

The procedure for the taking is provided by said Section 14 of our Constitution.

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner. No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, provided however, that when the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages."

This constitutional provision is nearly self-operating. It provides, however, that appeal on the question of damages may be taken in the manner provided by law. It guarantees a jury trial. Subsequent to the adoption of the said constitutional provision, a statute was passed providing for the manner of appeal:

"Appeal After Deposit for Taking.— Within thirty days after notice has been given in writing to the landowner

by the clerk of the district court that a deposit has been made for a taking of right of way as authorized by section fourteen of the constitution, the owner of the property taken may appeal to the district court by serving a notice of appeal upon the acquiring agency, and the matter shall be tried at the next regular or special term of court with a jury unless a jury be waived, in the manner prescribed for trials under chapter 32–15 as amended." Section 24–01–22.1, NDCC.

The Constitution guarantees the right of appeal in the manner provided by law.

In this case we are concerned with only one question, that of timeliness of the appeal. It is clear timeliness is governed by the statute. The Constitution provides:

"The clerk shall immediately notify the owner of such deposit."

It makes no provision for the method of notification but after the owner is notified, he may appeal. It does not limit the time in which he may appeal, except "in the manner provided by law, * * *".

The statute sets forth the time during which an appeal may be taken. It is a statute of limitation which extinguishes the right of appeal upon the expiration of the time specified. It provides the time commences to run "after notice has been given." The notice must be in writing. It must be given "to the landowner" and must be given "by the clerk of the district court."

Thus the statute appears specific in all respects, except the method by which notice is to be given which is not provided.

In the construction of constitutional or statutory provisions words are to be given their plain, ordinary and commonly understood meaning. 16 C.J.S. Constitutional Law § 15, cited with approval in Bronson et al. v. Johnson et al., 76 N.D. 122, 33 N.W.2d 819, Section 1–02–02 NDCC.

We need not define "notify" as used in the Constitution for the purpose of deciding this case, but in 66 C.J.S. Notify page 677, it is defined as follows:

"By common usage the word 'notify' simply means to make known, and should be construed according to its ordinary usage, in the absence of a different meaning expressed or clearly implied. It is also defined as meaning to give notice to; to inform by words or writings, in person or by message, or by any signs which are understood. To notify one of a fact is to make it known to him; to inform him by notice. In legal proceedings, and in respect of public matters, the word 'notify' generally, if not universally, imports notice by some person whose duty it is to give it, in some manner prescribed, and to some person entitled to receive it.

"While the term may not, of necessity, import or imply a writing, and in common use the word 'notify' may sometimes mean a mere verbal communication, when applied to an official act it is said that it requires a writing.

" 'Notify' has been held to be synonymous with 'protect,' has been used interchangeably with 'summons,' and has been distinguished from 'require' and the expression 'serve notice.'

" 'Notified' has been held to mean informed."

It is clear it may mean something different from "notice * * * given in writing." The statute is explicit.

"As a general rule, where a method of giving notice is prescribed by statute, such method is exclusive, and there must be due compliance with the prescribed method and form of notice; * * *." 66 C.J.S. Notice § 16a; 39 Am.Jur., Notice, Section 9; Potter Ti-

tle & Trust Co. v. Berkshire Life Ins. Co., 156 Pa.Super. 1, 39 A.2d 268; Hart v. Bayless Investing & Trading Co., 86 Ariz. 379, 346 P.2d 1101.

■ Where giving of notice is relied on to sustain forfeiture or divestiture of one's rights, statutory directions as to how such notice shall be given must be strictly complied with. Germantown Trust Co. v. Forrest Hill Building & Loan Ass'n, 125 Pa. Super. 477, 190 A. 561; Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Forrest Hill Building & Loan Ass'n, 125 Pa.Super. 465, 190 A. 556.

■ It is clear the statute requires actual notice. See Section 1–01–22 NDCC. It clearly states notice must be given in writing to the landowner. It provides that notice shall consist of express information of a fact.

"Where the giving of notice is required without provision as to method, actual notice is essential, and the method selected must be effective in this respect." 66 C.J.S. Notice § 18c. See also 39 Am.Jur., Notice and Notices, Section 9.

"As a general rule enactments prescribing the mode of procedure in condemnation proceedings must be strictly complied with." 29 C.J.S. Eminent Domain § 215a; 18 Am.Jur., Eminent Domain, Section 312.

This is especially true as to every requisite of the statute having the semblance of benefit to the landowner. City of Los Angeles v. Glassell, 203 Cal. 44, 262 P. 1084; Newell v. Wheeler, 48 N.Y. 486; Williams v. City of La Grange, 213 Ga. 241, 98 S.E.2d 617.

"Since statutes prescribing proceedings for the condemnation of property and the assessment of compensation are in derogation of general right and of common law modes of procedure, they must be strictly construed

against the condemnor and in favor of the landowner, * * *" 29 C.J.S. Eminent Domain § 214a. See also 18 Am.Jur., Eminent Domain, Section 26.

An examination of the facts in this case establishes that the appellant landowner was not given actual notice in writing of the deposit by the clerk of the district court. It appears the department made an offer for the purchase of the appellant's land for right of way purposes which the appellant refused by communication made through his attorneys. A deposit of the amount offered was made by the Highway Department with the clerk of the district court. The clerk of the district court prepared a notice of the deposit and forwarded the same by certified mail, addressed to the appellant at a Minneapolis address as certified to in a preliminary certificate of title by a title insurance company. However, the letter was returned by the Post Office Department marked "Incorrect Address." No further attempt was made by the clerk of the district court to give notice in writing to the landowner and none has been given. The clerk instead, at the direction of the Highway Department, forwarded the notice of deposit addressed to the said landowner in care of the attorneys with whom they had the correspondence heretofore referred to.

[4, 5] The burden is on the State Highway Department as movant for the dismissal of the appeal to show that the period in which an appeal might be taken began to run more than thirty days prior to the service of the notice of appeal and undertaking. Haman v. McHenry County, N. D., 72 N.W.2d 630. An attempt to sustain this burden was made in the manner described above. The burden has not been sustained. It is admitted that the clerk of the district court did not give notice in writing to the landowner of the deposit. Attempt is made to persuade us that the appellant's attorneys, who had carried on correspondence with the Highway Depart-

ment, were attorneys of record and, therefore, agents of the owner to whom notice could be given. It is not important to the decision in this case whether the attorneys in question could for some purposes be construed to be attorneys of record for the reason that the statute does not provide that written notice of deposit may be given to any one except the landowner. In re Bratcher's Estate, 76 N.D. 194, 34 N.W.2d 825. This is not a "civil action" within the definition of the North Dakota Rules of Civil Procedure which authorizes service upon an attorney of record, and we find no statutory authorization.

For the reasons set forth, the limitation of time within which the appeal could be taken had not commenced to run. We do not determine in this case the methods by which notice may be given in writing to the landowner by the clerk of the district court. To do so would be advisory. The question is not directly invoked and it is not necessary to this decision. This court has repeatedly held it cannot render advisory opinions. In re Novak's Estate, 73 N.D. 41, 11 N.W.2d 64; Northwestern Mutual Savings & Loan Ass'n v. White, 31 N.D. 348, 153 N.W. 972; Heald v. Strong, 24 N.D. 120, 138 N.W. 1114; In re Kaeppler, 7 N.D. 307, 75 N.W. 253.

The appeal to the district court on the question of damages is effective. The administrative procedure necessary to confer the right to take an appeal was complete when the offer to purchase had been made and the amount of the offer had been deposited with the clerk of the district court in the county where the land is located.

For the reasons stated in this opinion, the order of the district court dismissing the appeal is reversed.

SATHRE, C. J., and STRUTZ, BURKE and MORRIS, JJ., concur.