John HAVELUCK, a/k/a John Haver-
luck, Petitioner and Appellant,

v.

STATE of North Dakota, NORTH DA-
KOTA STATE HIGHWAY DEPART-
MENT, Respondent and Appellee.

Civ. No. 10304.

Supreme Court of North Dakota.

April 14, 1983.

Orlin W. Backes of McGee, Hankla, Backes & Wheeler, Minot, for petitioner and appellant.

Robert E. Lane, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

John Haveluck appealed from an order of the district court of McLean County dismissing Haveluck's appeal from a deposit by the North Dakota State Highway Department for the taking of property owned by Haveluck. We reverse and remand for further proceedings.

On April 7, 1981, John Haveluck, a resident of Max, North Dakota, received from the clerk of the district court of McLean County a document entitled "Notice to Property Owner, Owners and Tenant or Tenants." The notice informed Haveluck that the North Dakota Highway Department (hereinafter "Highway Department")

had, pursuant to Section 14 of the North Dakota Constitution,[1] deposited $768 for two tracts of land totaling 0.441 acres in the city of Max for highway right-of-way. The notice provided, in part:.

"Should you or any of the other interested parties decide the deposited amount to be inadequate, and elect to appeal this offer to the court, the entire deposited amount, or the sum of $768.00 is available upon proof of clear title and may be withdrawn without jeopardizing your right to appeal. Inasmuch as this amount is available for use of the interested parties jointly and unconditionally, interest on this amount will not be paid should you or any of you elect to delay withdrawal because of an appeal or otherwise."

The notice was dated April 3, 1981, and signed by the clerk of district court of McLean County. Following the date and signature, there appeared at the bottom of the notice:

"(Appeal from this Notice must be taken within thirty (30) days of its receipt)"

On April 29, 1981, Haveluck, through his niece, Janice Tibbals, sent, by certified mail, a letter to R.M. Lundberg, clerk of district court of McLean County, stating:

"In reference to the letter received April 7, 1981 regarding my property— Parcel No. 59M and Parcel No. 59 N. located in Max, N.D.

"The monies deposited are inadequate and I elect to appeal this offer." [2]

Haveluck heard nothing about his appeal and in August 1981 Haveluck's niece drove to Washburn to talk to the clerk of district court who informed her he would check into the matter. In November 1981, having heard nothing further from the clerk of district court, Haveluck contacted his present legal counsel, the firm of McGee, Hankla, Backes & Wheeler, Ltd. Richard H. McGee II wrote to the Highway Department asking about the matter and enclosing a copy of the letter to the clerk of district court appealing the deposit for the property. An affidavit in the record by Robert E. King, right-of-way engineer for the Highway Department, indicates that Mr. McGee's letter was the first notice received by the Highway Department that Haveluck desired to appeal the deposit.[3] Subsequently, Haveluck sought and was granted a writ of mandamus to have his appeal from the deposit placed on the court calendar. The Highway Department moved to dismiss the appeal. It alleged that the district court lacked jurisdiction because the statutory requirements for appeal of a deposit in eminent-domain proceedings were not followed, i.e., that Haveluck did not properly serve a notice of appeal on the Highway Department within the statutory period of 30 days. The motion to dismiss the appeal from the deposit was granted and the appeal to this court from the district court's order of dismissal followed.

The only issue in this appeal is whether or not Haveluck's letter to the clerk of district court of McLean County was effective as an appeal.

1. Section 14 of Article I of the North Dakota Constitution has been renumbered as Section 16 of Article I, pursuant to Section 46–03–11.1, N.D.C.C.

2. The original letter is part of the record before this court. The letter is handwritten. At the bottom of the letter is a typewritten statement, dated May 13, 1981, which reads:

"Dear Mr. Haverluck: You may withdraw your deposit and still appeal if you so desire under a new ruling. In other words withdrawal of the funds does not jeopardize the appeal."

The statement is signed by R.M. Lundberg. We might assume the original letter was returned to Haveluck by the clerk of district court with this notation at the bottom. However, the affidavit of Janice Tibbals indicates that Haveluck "did not receive any reply to his Notice of Appeal, ..."

3. The record does not reflect what R.M. Lundberg, clerk of district court, did, if anything, with Haveluck's notice of appeal. During oral argument we were informed by counsel for Haveluck that the clerk of district court never was asked what, if anything, he did with Haveluck's notice of appeal. Apparently it is uncontested that the Highway Department did not know of the appeal until informed by Haveluck's counsel.

Article I, Section 16, of the North Dakota Constitution provides, in part:

"[W]hen the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages."

In implementing the manner of appeal as authorized by this constitutional provision, the Legislature enacted Section 24–01–22.1, N.D.C.C., which provides:

"*Appeal after deposit for taking.* —Within thirty days after notice has been given in writing to the landowner by the clerk of the district court that a deposit has been made for a taking of right of way as authorized by section fourteen of the constitution, the owner of the property may appeal to the district court *by serving a notice of appeal upon the acquiring agency,* and the matter shall be tried at the next regular or special term of court with a jury unless a jury be waived, in the manner prescribed for trials under Chapter 32–15." [Emphasis supplied.]

In *Cowl v. Wentz,* 107 N.W.2d 697 (N.D. 1961), this court held that a landowner may appeal on the question of damages in the manner provided by the statute; that the limitation of time within which an appeal may be taken commences to run after notice of deposit has been given to the landowner in writing by the clerk of the district court; that where the statute provides notice of deposit for a taking of right-of-way is to be given in writing to the landowner by the clerk of court, without prescribing a method, actual notice is required; and that the burden of proof for the dismissal of an appeal on the basis that it was not timely taken is on the movant to show that the period in which it might have been taken has expired.

It is undisputed that a notice of appeal was served upon the clerk of district court, but not the Highway Department, within the 30-day period. If the April 29, 1981, notice of appeal served by Haveluck on the clerk of district court is not an effective notice of appeal, there is no timely appeal. *Cowl v. Wentz, supra.* It is the position of the Highway Department that under previous decisions of this court actual, not substantial, compliance with the provisions governing the notice of appeal is required in order that an appeal may be perfected.

■ The Highway Department is correct that this court has on several occasions held that a valid notice of appeal is necessary to preserve the right of appeal. See, e.g., *State v. Haakenson,* 213 N.W.2d 394 (N.D. 1973). Furthermore, we have refused to adopt a "substantial compliance" standard insofar as the filing of the notice of appeal is concerned. *State v. Lewis,* 300 N.W.2d 206 (N.D.1980). However persuasive those decisions might be with respect to an appeal to this court or from a lower court to a higher court within the judicial system, we do not believe they are applicable in this instance. Although our Constitution and statutes use the term "appeal" in describing the right of the landowner in these proceedings, the procedure is not, in fact, an "appeal" from a lower court to a higher court. The "appeal" envisioned by these proceedings is, rather, the first step in a judicial proceeding. The district court does not "review" the offer made by the Highway Department. It establishes the damages the owner is to receive if he is unwilling to accept the offer of the Highway Department. This is a special procedure and not a civil action within the definition of the North Dakota Rules of Civil Procedure. *Cowl v. Wentz, supra.*

■ We recognize that Section 24–01–22.1, N.D.C.C., requires that the notice of appeal be served upon the acquiring agency, in this instance the Highway Department, and that notice was not served upon the Highway Department within the 30-day period prescribed by the statute. However, a

notice of appeal was served upon the clerk of district court within the 30-day period.

The Notice to Property Owner apparently was prepared by the Highway Department. Neither our statutes nor our Constitution require that the acquiring agency inform the property owner of his right to appeal the deposit made with the clerk of district court. However, in this instance the form, as we have already noted, stated that an appeal from the notice (deposit) must be taken within 30 days of its receipt. Thus the Highway Department has presumed to advise the property owner when the appeal must be taken but not how the appeal is to be taken. Because the notice is signed by the clerk of district court it would not appear unreasonable for a property owner to assume it is the clerk of district court who must be notified that the property owner wants to appeal,[4] although the statute provides otherwise.

The Highway Department strongly contends that the clerk of district court is not an agent of the Highway Department for purposes of receiving service of the notice of appeal. It argues that because our constitutional provision requires that the clerk of district court notify the property owner of the deposit and that our statute requires that notice of appeal be served upon the acquiring agency, the acquiring agency has no choice but to follow that procedure. We need not decide whether or not these provisions establish, as a matter of law, that the clerk of district court is the agent for the acquiring agency. Rather, we believe that under the facts of this case, in which the Highway Department presumed to advise the owner of the time within which he might appeal the deposit by including in the Notice to Owner signed by the clerk of district court the statement that the owner might appeal within 30 days, but not specifying the party to be served, the notice of appeal filed by Haveluck is sufficient to give the trial court jurisdiction of the proceeding.

 Finally, we observe that a liberal view of the right to appeal should prevail in these instances. The "quick take" provisions of Article I, Section 16, of the North Dakota Constitution and Section 24–01–22.-1, N.D.C.C., permit the acquiring agency, in this case the Highway Department, to acquire property for right-of-way purposes by merely depositing its offer for the property with the clerk of district court. In other instances in which an acquiring agency may exercise the power of eminent domain it must proceed with summons and complaint served upon the property owners, a trial must be had, and an order must be entered before title to the property vests in the acquiring agency. See Secs. 32–15–27 and 32–15–29, N.D.C.C. Here, the acquiring agency, the Highway Department, is permitted to take possession of the property without these protections to the property owner. Although our Constitution obviously permits such a procedure, a liberal view of the right to appeal the deposit to a court is justified in order that the landowner will not be denied the equivalent rights other property owners have whenever their property is to be taken for public purposes.

The order dismissing the appeal is reversed and the matter is remanded for further proceedings.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.

---

4. If the Highway Department is to inform the property owner of some of his rights, it would be preferable that it take the additional step and inform the property owner not only of the time within which the appeal must be filed but also with whom the notice of appeal must be filed.