**Rick AALUND, Appellant,**

v.

**WILLIAMS COUNTY, Appellee.**

**Civ. No. 880323.**

Supreme Court of North Dakota.

June 27, 1989.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for appellant; argued by Steven L. Latham.

Peter Haroldson Furuseth, State's Atty., Williston, for appellee. Submitted on brief.

MESCHKE, Justice.

Rick Aalund appealed from a district court judgment dismissing his attempted appeal of a "quick-take" of his property by Williams County. Because the notice of the taking given to Aalund did not comply with the applicable statute, we reverse and remand for further proceedings.

Aalund owned property in Williams County, North Dakota. In 1984, a county representative contacted Aalund about possible purchase of part of his property for a county road. County Commissioner Lloyd Johnson orally offered Aalund "approximately $1,000.00" for about half of Aalund's property. Aalund declined the offer, and Johnson indicated that he would "get back to" Aalund.

A few days later Aalund received from the clerk of district court a document entitled "Notice to Property Owners" and "Offer to Purchase Easement," which advised him that $1,045.00 had been deposited with the clerk. It also included the following offer, signed by Johnson for the county commission, under the heading "Offer to Purchase Easement":

"It having been determined that the above described property is deemed necessary for highway purposes, we hereby make an offer to purchase said property for the amount of $1045.00 which sum to be deposited with the Clerk of Williams County, North Dakota pursuant to law."

Aalund signed a receipt acknowledging delivery of this document on January 7, 1985.

Aalund contended that he thought the document was only a written confirmation of the offer he had previously declined, and that he had no idea that Williams County was taking his property instead. Aalund asserted that he first learned that Williams County claimed title to the property when he went to pay his property taxes in early 1987. Upon learning of the county's claim, Aalund contacted an attorney. That attor-

ney wrote a letter to the county dated April 13, 1987, advising that Aalund had not accepted the offer and that Aalund intended to appeal to the district court. The county responded, by letter, that an attempted appeal would be too late.

Aalund subsequently contacted his present attorney, who filed a formal notice of appeal on March 21, 1988. The county moved to dismiss the appeal, asserting that Aalund's time to appeal had expired 30 days after he had received the written offer on January 7, 1985. The district court determined that Aalund's appeal was untimely and dismissed his appeal.

Aalund argued here that the notice sent by the county did not comply with constitutional and statutory requirements for "quick-take," and that the notice did not comport with requirements for due process under the state and federal constitutions. Because we conclude that the notice did not comply with the statute, we do not reach the due process issue.[1]

Article I, Section 16 of the North Dakota Constitution empowers political subdivisions to acquire right of way by a "quick-take" procedure:

"When the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages...."

NDCC 24-01-22.1 implements the procedure:

"*Appeal after deposit for taking.*— Within thirty days after notice has been given in writing to the landowner by the clerk of the district court that a deposit has been made for a taking of right of way as authorized by section fourteen of the constitution, the owner of the property taken may appeal to the district court by serving a notice of appeal upon the acquiring agency, and the matter shall be tried at the next regular or special term of court with a jury unless a jury be waived, in the manner prescribed for trials under chapter 32-15." [2]

This procedure must be given a liberal interpretation to protect the rights of the landowner:

"Finally, we observe that a liberal view of the right to appeal should prevail in these instances. The 'quick take' provisions of Article I, Section 16, of the North Dakota Constitution and Section 24-01-22.1, N.D.C.C., permit the acquiring agency, in this case the Highway Department, to acquire property for right-of-way purposes by merely depositing its offer for the property with the clerk of district court. In other instances in which an acquiring agency may exercise the power of eminent domain it must proceed with summons and complaint served upon the property owners, a trial must be had, and an order must be entered before title to the property vests in the acquiring agency. See Secs. 32-15-27 and 32-15-29, N.D.C.C. Here, the

---

1. Aalund asserted that the notice did not satisfy due process. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). The United States Supreme Court has construed this to require specific notice of the procedures available to challenge governmental action.

*Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 14-15, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30, 42-43 (1978). *See* NDRCivP 4(c)(1) on the required contents of a summons to commence a civil action.

2. Article I, Section 16 was originally numbered Article I, Section 14 of the North Dakota Constitution. The 1989 Legislature amended Section 24-01-22.1 to correct the reference to Section 14 to reflect the current constitutional numeration. *See* S.B. 2056, 51st Leg. § 18 (1989).

acquiring agency, the Highway Department, is permitted to take possession of the property without these protections to the property owner. Although our Constitution obviously permits such a procedure, a liberal view of the right to appeal the deposit to a court is justified in order that the landowner will not be denied the equivalent rights other property owners have whenever their property is to be taken for public purposes." *Haveluck v. State,* 333 N.W.2d 425, 428 (N.D.1983). Quick-take procedures must be construed to make them effectual in the protection of the rights of citizens. *Johnson v. Wells County Water Resource Board,* 410 N.W.2d 525, 529 (N.D.1987). Similarly, in *Cowl v. Wentz,* 107 N.W.2d 697, 700 (N.D. 1961), another case discussing the quick-take procedure, we stated:

"Where giving of notice is relied on to sustain forfeiture or divestiture of one's rights, statutory directions as to how such notice shall be given must be strictly complied with.

\* \* \* \* \* \*

"This is especially true as to every requisite of the statute having the semblance of benefit to the landowner."

Statutory directions for notice to a landowner must be strictly complied with.

■ NDCC 24–01–22.1 clearly requires that the notice advise a landowner that a deposit has been made "for a taking of right of way." The notice to Aalund did not advise him that his property was being *taken.* The notice merely informed Aalund that the county was offering to purchase the land and that $1,045.00 had been deposited with the clerk of court.

These circumstances demonstrate why the notice must clearly advise the landowner that his property is being taken. Aalund had been contacted by the county and had been offered "approximately $1,000.00" for the property. When he declined the offer, the county's representative said that he would "get back to" Aalund. A few days later, when Aalund received the "notice," he understandably believed it was exactly what it said it was—an offer to purchase the property. The notice did not say that the county had taken the property.

We conclude that NDCC 24–01–22.1 requires that the notice must clearly inform the landowner that his property has been taken. Because the notice to Aalund did not do so, the 30–day appeal period did not begin.[3]

■ The county asserted that, even if its written notice in 1985 was inadequate, the appeal period began when Aalund received actual notice in early 1987 that the county claimed title to the property, making Aalund's formal notice of appeal, dated March

---

**3.** Although the point was not specifically raised by the county, we rule that the familiar maxim that "all persons are presumed to know the law" does not save the county's deficient notice. The presumption cannot supply notice in an eminent domain proceeding:

"The presumption that every citizen knows the law is nothing more than a restatement of the principle that ignorance of law is no excuse for noncompliance. Clearly such presumption is an illusory substitute for the notice required in eminent domain proceedings to apprise an owner of the invisible appropriation of his property to a future public use so that he may fairly be forewarned that he will lose his constitutional right to compensation if he fails to act within a prescribed period." *Electric Short Line Terminal Co. v. City of Minneapolis,* 242 Minn. 1, 64 N.W.2d 149, 153 (1954).

*See also* 27 Am.Jur.2d *Eminent Domain* § 394 (1966).

The same reasoning is implicit in our holding in *Haveluck v. State, supra,* that a notice of appeal mailed to the clerk of court, rather than served upon the acquiring agency as required by NDCC 24–01–22.1, was valid. Had the presumption of knowledge of the law applied, Haveluck would have been deemed to know about the requirement of serving the notice of appeal upon the acquiring agency, and the notice sent to the clerk of court would have been ineffectual.

By the same token, a person presumed to know the law would have been aware that an offer to purchase property, accompanied by a notice of deposit of funds with the clerk of court, was notification that the county was taking the property for right of way purposes. Because the presumption does not apply, however, Aalund was not presumed to have known that fact. The familiar presumption does not save a statutorily defective notice.

21, 1988, untimely. Assuming that actual notice began the appeal period, the county's argument ignored the April 13, 1987, letter sent by Aalund's first attorney advising the county of Aalund's intent to appeal. Aalund asserted that the April 13 letter was a notice of appeal. The statutory scheme does not spell out formal requisites for the notice of appeal to be filed by the landowner. Although the Constitution and statutes use the term "appeal" to describe this procedure, we recognize that it is not, in fact, an appeal from a lower court to a higher court. "The 'appeal' envisioned by these proceedings is, rather, the first step in a judicial proceeding." *Haveluck v. State, supra,* 333 N.W.2d at 427. Thus, Rule 3(c) of the North Dakota Rules of Appellate Procedure, specifying the contents of a notice of appeal in appellate proceedings, does not apply. *See also* NDRAppP 1(a) (rules govern procedure in appeals to the supreme court).

The April 13 letter clearly informed the county that Aalund was declining the offered sum and unambiguously expressed his intent to appeal the matter to district court. We conclude that it was a valid notice of appeal.

The April 13 letter was not substantially different from the document which we upheld in *Haveluck v. State, supra.* Haveluck's notice of appeal was a letter which stated, in part: " 'The monies deposited are inadequate and I elect to appeal this offer.' " *Haveluck v. State, supra,* 333 N.W.2d at 426. We viewed that letter as a valid notice of appeal under NDCC 24–01–22.1.

■ The remaining question is whether the April 13 letter was served within 30 days after Aalund received actual notice of the taking. In response to the county's motion to dismiss the appeal, Aalund stated in his affidavit that he learned of the county's claim of ownership when he "went to pay the taxes on the property." As movant for the dismissal, the county had the burden to demonstrate that the appeal period had commenced more than 30 days be-

fore Aalund's April 13 notice of appeal. *Haveluck v. State, supra,* 333 N.W.2d at 427; *Cowl v. Wentz, supra,* 107 N.W.2d at 700. The county presented no evidence to show that Aalund received actual notice of the taking more than 30 days before April 13, 1987. We conclude that the county has not demonstrated that the appeal was untimely.

We reverse the judgment and remand to the district court for further proceedings.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.