Tufte, Justice, dissenting.
[¶ 39] The Majority thoroughly documents the statutory procedure for township takings of road rights-of-way. I do not dispute that Owego Township was quite meticulous in its adherence to the process required in N.D.C.C. ch. 24-07. I would conclude, however, that Pfingsten's appeal was timely because N.D. Const. art. I, § 16, delayed the beginning of the appeal period until the Township's payment completed the taking.
[¶ 40] The crux of my disagreement with the Majority is its conclusion, at ¶ 26, that "the record does not establish that the Township took possession of Pfingsten's property before payment." The Township and Pfingsten entered into a stipulation dated December 10, 2015, that was read into the record before the district court and on which the district court made findings of fact and conclusions of law in an Order dated December 22, 2015. The stipulation *132 and the district court's order are both in the record. The stipulation states that Bagoon Road has been washed out on three occasions, in approximately 1995, 2007, and 2014. Each time the road washed out, the Township moved part of Bagoon Road to the north. Bagoon Road is not on a section line, but much of it as it crosses Pfingsten's land is a road by prescription. It is the part that has washed out and has been moved more recently than the 20-year period to establish a road by prescription that is at issue in the Township's takings proceeding. The district court made the following findings:
6. A portion of the Bagoon Road has been washed out by a nearby river. Due to erosion issues, the affected portion of the Bagoon Road has been moved to the north on three occasions. The exact location of the washed out area has been in dispute by the parties. Pfingsten claims that, as a result of the road's movement to the north, a portion of the Bagoon Road now lies upon his property.
The district court's Order preserved a temporary right to travel "over and across the portion of the Bagoon roadway that is allegedly located on Pfingsten's private property." The parties understood, the district court found, and the record supports the jurisdictional fact that the Township moved the washed-out part of the road onto Pfingsten's property prior to December 2015. It is that part of the road that it surveyed and conducted the takings proceeding to acquire.
[¶ 41] An appeal of a determination or award of damages must be made within thirty days of the Township's filing of that determination or award of damages. N.D.C.C. § 24-07-22. In Haman v. McHenry County , we concluded that because the record was silent as to the time of filing, the date of receipt of the award was used as the assumed filing date to start the thirty-day appeal period. 72 N.W.2d 630, 633-35 (N.D. 1955) (applying Chapter 24-07). We noted that filing was "important for it fixes the place to which the property owner may go to ascertain what award has been made" but expressed concern "[t]here is no provision in the statute for giving him notice of the award." Id. Because the record was silent as to filing, we presumed that the statement of award had been filed the same date the property owner was paid.
[¶ 42] Unlike Haman , the record in this case is not silent regarding the filing date. On September 26, 2016, the Township filed with the township clerk both its Order to Alter Highway and Statement of Damages. If, as the Majority concludes, the filing completed the taking without payment or deposit of compensation, the statutory deadline for Pfingsten's notice of appeal was thirty days later on October 26, 2016. Pfingsten did not file his notice of appeal until January 19, 2017, but he argues that application of N.D. Const. art. I, § 16, delays commencement of his thirty-day appeal period until the Township paid compensation to him on December 22, 2016. To safeguard the rights of property owners who may lose important rights without actual notice, we have taken a broad view of the right of the landowner to appeal the taking. Haveluck v. State , 333 N.W.2d 425, 428 (N.D. 1983) (applying broad view of right to appeal in quick take proceeding where property is acquired by "merely depositing its offer for the property with the clerk of district court").
[¶ 43] In Martin , we held 1893 N.D. Sess. Laws ch. 55, § 10, unconstitutional. Martin v. Tyler , 4 N.D. 278, 295-97, 60 N.W. 392, 398-99 (1894). Section 10 provided for the payment of damages to landowners for the location and construction of a drain through an order drawn by the county commissioners, which was "deemed a sufficient security for the amount thereof." Id. at 283-84, 60 N.W. at 394. We *133 concluded that section 10 violated N.D. Const. art. I, § 14 (now § 16 ) because compensation was not paid prior to the taking. Id. at 295-97, 60 N.W. at 398-99. The word "first," as used in § 14, "is perfectly obvious; indeed, it is its own expositor. When this is the case, reasoning and illustration have no office. The provision under consideration plainly ordains that compensation shall precede appropriation...." Id. at 295, 60 N.W. at 398 (quoting Redman v. Phila., Marlton & Medford R.R. Co. , 33 N.J. Eq. 165, 168 (N.J. Ch. 1880) ).
[¶ 44] In Olson , the City of Minot brought a condemnation action to use an alley as a public right of way. City of Minot v. Olson , 42 N.D. 246, 247, 173 N.W. 458, 458 (1919). Judgment was entered condemning the property, and damages were awarded to the landowners. Id. at 247, 173 N.W. at 458-59. Pursuant to Compiled Laws 1913, § 3737, the City levied special assessments to pay the award of damages and delivered into the court warrants against the assessments. Id. at 247, 173 N.W. at 459. On the motion from a landowner, the trial court vacated the judgment because the City had failed to pay the landowner. Id. at 247-48, 173 N.W. at 459. On appeal, the City argued that the judgment was not contrary to N.D. Const. art. I, § 14 (now § 16) because it
had not taken the property involved; that the alley then had not been actually laid out; that the trial court could have modified the judgment if it felt that this final judgment, on which the time for appeal had expired, did not bind the defendant to receive something other than actual money, and then the city could have paid the defendant the money before it did take her property for public use.
Id. at 249, 173 N.W. at 459. We affirmed the trial court's order vacating the judgment, stating that under N.D. Const. art. I, § 14, "it was not proper to require the [landowner] either to receive a city warrant in payment, or to wait, or be compelled to wait, until such time in the future as the special assessments might be collected in cash." Id. at 250-51, 173 N.W. at 460.
[¶ 45] We have said, "The taking of or damaging of private property for public use without the owner's consent is deemed so serious that payment therefor is a prerequisite to attempting to do so." Donovan v. Allert , 11 N.D. 289, 298, 91 N.W. 441, 445 (1902). "This does not mean that it may first be appropriated, and paid for at the end of a suit for damages, but means that payment must precede the taking or damaging." Id.
[¶ 46] The right of appeal is favored in the law. Haman , 72 N.W.2d at 634. In Kessler , the board of county commissioners commenced an eminent domain proceeding to take land owned by Kessler for highway use. Kessler v. Thompson , 75 N.W.2d 172, 176-77 (N.D. 1956). Kessler made a special appearance to object to the jurisdiction of the board, arguing that without a judicial determination, the procedure was unconstitutional. Id. Kessler did not appeal the decision of the board but instead brought an action to enjoin the state highway commissioner from taking his land, arguing the process was unconstitutional. Id. at 186. We stated that the special appearance by Kessler showed his intent to preserve his right to appeal and concluded that he had thirty days after judgment was entered in the action to enjoin the commissioner to file his appeal in the takings action. Id.
[¶ 47] In Aalund , a landowner received an offer to purchase property from Williams County and notice that funds had been deposited into the district court. Aalund v. Williams County , 442 N.W.2d 900, 900 (N.D. 1989). The notice, however, did not advise the landowner that his property *134 was being taken by the County. Id. at 902. Although the appeal would have been over three years late under the statute, see id. at 900-01, we concluded that "notice must clearly inform the landowner that his property has been taken." Id. at 902. Thus, we held that the thirty-day appeal period had not begun to run until the landowner received the required notice of taking. Id. Applying this delayed commencement of the appeal period, we concluded that the County had failed to establish the landowner's appeal was untimely. Id. at 902-03.
[¶ 48] Here, because Pfingsten did not receive payment for the taking of his property until December 22, 2016, N.D. Const. art. I, § 16, prevented the commencement of his appeal period under N.D.C.C. §§ 24-07-22 and 28-34-01 prior to that date. See Kessler , 75 N.W.2d at 178 (stating that a "statute will, if possible, be so construed as to render it valid"). Under N.D. Const. art. I, § 16, a taking cannot precede compensation. Where, as here, the Township took possession of some portion of the property, the running of the appeal period commences no earlier than when compensation was actually received. Pfingsten received payment on December 22, 2016. Thus, Pfingsten's appeal on January 19, 2017, was timely because it was within thirty days of the date the Township's determination or award of damages matured into a taking consistent with section 16.
[¶ 49] Because Pfingsten's appeal was timely, I would reverse the district court order and allow Pfingsten to challenge the Township's determination of taking and award of damages in the district court.
[¶ 50] Jerod E. Tufte