WILSON & SHOBER *v.* HUTCHINSON and others.

Where, upon an appeal to this court, the appellant fails to prepare a case and serve it upon the adverse party, as required by the provisions of the Code of Civil Procedure, "*the liberal practice among the members of the bar in this district,*" in such cases, is not sufficient ground to warrant a writ of *certiorari.*

PETITION by defendants for a *certiorari*, filed at this term. The plaintiffs brought an action against the defendants on a promissory note and obtained judgment thereupon at Fall

Term, 1875, of Gᴜɪʟғᴏʀᴅ Superior Court. From that judg-ment the defendants appealed and duly filed an appeal bond. More than ten days after the notice of appeal the defendants' counsel served upon the counsel for the plaintiffs a statement of the case upon appeal. The counsel for the plaintiffs de-clined to accept the same or to take any notice thereof.

The other facts necessary to an understanding of the case as decided, are sufficiently stated in the opinion of the court.

*Scott & Caldwell*, for petitioners.
*Dillard & Gilmer*, and *Gray & Stamps*, contra.

Pᴇᴀʀꜱᴏɴ, C. J. The writ of *certiorari* in the place of an appeal, is prayed for on the ground that the petitioners ought not to be prejudiced by the delay of their counsel in making up the statement of a case for the Supreme Court. This de-lay is attributed in the petition to the "liberal practice among the members of the bar in that district," &c.

With all of this we have nothing to do. The C. C. P. specifies the time in which the appellant must have a case made up. For a failure to do so, the attorney is liable for damages. This seems to be a fit case in which that right of a client against his lawyer can be enforced, and perhaps an example may serve a good purpose, and hereafter lawyers will not depend upon an indefinite, general understanding "among counsel," but will make up the case in the time required by law, unless there be a specific arrangement in regard to it.

Pᴇʀ Cᴜʀɪᴀᴍ.                                        Motion refused.