## W. B. ALLEN v. ROBERT STRICKLAND.

*Notices; form and service of—Personal Property Exemptions; allotment of—The Code, §§ 519, 597, 228—Alias Process.*

1. Notices of dissatisfaction with allotment of personal property exemption, under § 519 of *The Code*, cannot be served by mail or given orally.

2. When a statute requires notice to be given, the notice must be in writing, addressed to the proper person, contain an intelligent and sufficiently expressed statement of the matter to be communicated, signed by the party giving it or his attorney, served in such way that the Court can see that it has been served, and the original, or a copy, properly authenticated, returned into Court.

3. § 597 of *The Code* is of general application as to notices in judicial proceedings, and its requirements are essential to a valid notice.

4. The proof of the service of a notice must be such as is required by § 228 of *The Code.*

5. A notice must be given as the law directs or allows, otherwise the party notified is not bound by it.

6. Since *The Code* there is no statute allowing judicial notices to be served by mail, and in the absence of a statute such a service is void.

7. *Semble:* If a notice is duly placed in the hands of a proper officer, and he fails to serve it in time, an *alias* may be ordered. But a notice served by the party in a manner not recognized by law, is in law *no notice,* and therefore no *alias* can be ordered.

CIVIL ACTION, tried before *Merrimon, J.,* at April Term, 1887, of FRANKLIN Superior Court.

Judgment dismissing the action.    Defendant appealed.

The following is a copy of the material parts of the case stated on appeal :

W. B. Allen obtained judgment on November 2d, 1886, before a Justice of the Peace, against Robert Strickland, and procured execution to issue thereon to F. C. Holden, the constable.    Strickland claimed his personal property exemption.    The constable summoned as appraisers and assessors, John Knight, Nathan May and C. C. Jeffreys, who, on the third of November, 1886, appraised and allotted to the defendant certain articles of personal property as his exemption.    They made return of their proceeding to the Justice's Court, and the constable levied on the excess of personal property.

On the 10th of November, 1886, the defendant, being dissatisfied with the valuation and allotment of the apprasers, filed with the Clerk of the Superior Court a transcript of the return of the appraisers, and with it a statement in writing of his objection to said return; that at the same time, the defendant, by his attorney, prepared and signed a written notice for the plaintiff in the execution and the constable, of the defendant's dissatisfaction and exception to the valu-

ation and allotment of the appraisers, and that his exceptions would be filed, with a transcript of the return, with the Clerk of the Superior Court.

The attorney of the defendant, on the same day, took the said written notice to the attorney of the plaintiff in the case of W. B. Allen *v.* Robert Strickland, and told him what the notice was, and showed' the same to the said attorney, but did not leave it with him, and asked him if he would accept service thereof. He replied that he preferred that notice should be sent to Mr. Allen, meaning thereby the plaintiff.

The attorney of the defendant, then, and on the same day, mailed a copy of said notice to Allen, and a copy also to Holden, the constable, directed to their post-office, Youngsville, on the Raleigh & Gaston Railroad, distant from Louisburg sixteen miles, and between which two places there is a daily mail. Allen received the notice within ten days after the allotment of the exemption; but Holden, although he resided within one mile of the post-office, did not receive his until the eleventh day after the allotment.

The Clerk of the Superior Court placed the case on the Civil Issue Docket for the next term of Court, which commenced on the ...... of January; that at said term, the attorneys for the plaintiff, Allen, entered a special appearance, stating that they did so for the purpose of moving to dismiss, on the ground that notice had not been properly served.

The defendant moved for *alias* notices. The Court being of opinion that notice had not been served, that it had not the power to allow the defendant's motion for *alias* notices, and, resting his position on that ground, and stating, that if it were in his discretion, he should feel it his duty to allow the motion, refused the motion of the defendant, and allowed the motion of the plaintiff, and gave judgment dismissing the action.

To the refusal of the Court to allow defendant's motion,

and in allowing plaintiff's motion, and to the judgment dismissing the action, the defendant excepted and appealed.

*Messrs. F. D. Spruill* and *N. Y. Gulley,* for the plaintiff.
*Mr. Charles M. Cooke,* for the defendant.

MERRIMON, J., (after stating the facts).   We think that the appellant failed to give the notice to the appellee and the constable, of his dissatisfaction with the valuation and allotment of the appraisers of his personal property exemption, required by the statute.   (*The Code,* § 519).

Notice in judicial proceedings is important.   In many cases, it is the means whereby the jurisdiction of the Court attaches to the party, as in this case, and, generally, it gives vitality and efficiency to important action of the Court, in the course of the action or proceeding.   It is not to be treated lightly, and as of slight moment.   When, therefore, ordinarily, a statute requires such notice to be given, it is not meant that the party to whom it is to be given shall simply have information given orally or in writing, but it must be given in writing, addressed to the proper person, contain the substance, intelligently and sufficiently expressed, of the information to be communicated, signed by the party giving it, by himself or his attorney, and served in such way as that the Court can see and learn that it has been served, and, moreover, it, or a copy of it, must be returned into Court, properly authenticated, unless it shall in some way be waived, as by the appearance of the party to be affected by it.

The statute (*The Code,* § 597), which is of general application as to notice in judicial proceedings, provides that, " Notices shall be in writing; notices and other papers may be served on the party or his attorney personally, when not otherwise provided in this chapter."

The chapter then provides, that service may be made by leaving the notice in the cases provided for at the office of

the attorney, the residence of the person to be notified, by publication, and particularly how *subpœnas* may be served. But, generally, the notice must be served personally, and the statute (*The Code*, § 228) provides, that "Proof of service of the summons or notice must be:

(1.) By the certificate of the Sheriff, or other proper officer.

(2.) In case of publication, the affidavit of the printer, or of his foreman or principal clerk, showing the same.

(3.) The written admission of the defendant."

The service of notice, made in a way and manner recognized and sanctioned by the law, is an essential requisite of it; without this, it is ineffectual for the purpose intended, and void. Unless it is given as the law directs or allows, the party to whom it is given is not bound to recognize or act upon it, nor indeed is it notice. It is the legal sanction that gives the notice, in sufficient form and substance, life and efficacy. Wade on Notice, §§ 1293, 1295, 1335, 1342.

Now, neither any statutory provision, nor any settled practice in this State, within our knowledge, since the enactment of *The Code*, warrants the service of notice in judicial proceedings through the mails. In the absence of statutory regulation, such method would be impracticable. Practically, it could not contemplate a return of the notice, or a copy of it, and it would not be sufficient proof of service of it, to show, by affidavit, that it was mailed at a particular time, and post-office, to the address of the party to be charged by it.

The appellant gave no notice to the adverse party and the officer, within ten days, as required by the statute. An *alias* notice was not, therefore, in order or allowable. It may be, that if a sufficient notice had been placed in the hands of a proper officer, to be served by him on the party to be charged therewith, and he had returned the same unexecuted, that an *alias* notice might have been allowed, and thus the right of the party giving it would be presumed; but any question

as to that, is not now before us. The appellant having allowed the time within which he might have given notice to lapse, the Court had no authority to revive and give effect to his lost right. Judgment affirmed.

No error.                                    Affirmed.