Evan Morris et al., Trustee of Metalline Land Co. v.
Metalline Land Co. B. A. Hoopes's Appeal.

*Joint stock companies—Forfeiture of stock—Notice by publication.*

If the articles of association of an unincorporated company organized
under the joint stock plan provide for a notice of a call or assessment in
newspapers of two cities, and also for notice by mail, a failure to publish
the notice in one of the cities avoids a forfeiture of the stock for non-
payment of the assessment, even if it appear that the stockholder whose
stock was forfeited received actual notice of the assessment. Brooking
v. Metalline Land Co., 164 Pa. 326, followed.

Argued Jan. 14, 1895. Appeal, No. 19, July T., 1894, by
B. A. Hoopes, from decree of C. P. No. 2, Phila. Co., March T.,
1889, No. 86, confirming report of master. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ. Reversed.

Bill in equity to ascertain persons entitled to share in dis-
tribution of partnership funds.

The case was referred to Joseph J. Broadhurst, Esq., as
master, from whose report it appeared that B. A. Hoopes was
the owner of two hundred and fifty shares of the Metalline
Land Co. of Lake Superior, and that they were forfeited in the
same manner as the shares of William H. Stevens were for-
feited as stated in Morris v. Metalline Land Co., 164 Pa. 326.

The master decided that the forfeiture was proper, and that
Mr. Hoopes was not entitled to participate in the fund. Ex-
ceptions to master's report were overruled, and his report con-
firmed.

*Error assigned* among others was in confirming the master's
report.

*A. B. Shearer, William J. McMullan,* with him, being absent
on account of sickness, for appellant.

No argument or paper-book offered for appellee.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895:
In the cases 307, 326 and 368 March Term, 1894, in which

Brooking, Stevens and Miller were appellants, reported in vol. 164 Pa. Rep. 326, the parties to the record being the same as in the present case, we made a decree reversing the decree of the court below, and directing the record to be remitted with instructions to distribute the fund in the hands of the trustees in accordance with the opinion filed in those cases.

The present appeal, taken by B. A. Hoopes from the same decree, is in the same category with the former appeals and is controlled by the decision there made. For the reasons and upon the considerations stated in the former opinion we make the same decree as was there made.

The decree of the court below is reversed at the cost of the appellees, and the record is remitted with instructions to distribute the fund in the hands of the trustees in accordance with the opinion already filed.