D. F. SMITH, et al. v. M. C. SMITH, et al.

*Practice—Appeal—Case on Appeal—Agreement of Counsel—Service of Case on Appeal.*

1. The legal mode of service of a case on appeal is not waived by an agreement of counsel for the appellee that the appellant is " to serve the case on " appellee by a certain time.

2. Where one of several attorneys for the appellee, on being asked to accept service of the case on appeal, said that he had no authority to do so, and advised that the case be sent to the other counsel; *Held*, that such direction was not a waiver of the legal mode of service so as to authorize a service by mail.

3. Where service of a case on appeal is made by mail, on the last day for service, instead of by an officer, the failure to promptly return the case does not estop the appellee to deny the legality of the service, since, if the case had been promptly returned, it would have been too late to have it legally served.

4. This Court will not pass on or recognize alleged verbal agreements of counsel when they are denied.

MOTION for a writ of *certiorari* as a substitute for lost appeal from the judgment of *Greene, J.*, in an action tried at Fall Term, 1896, of COLUMBUS Superior Court. The facts and the grounds of the motion are stated in the opinion of Associate Justice CLARK.

*Messrs. John D. Bellamy* and *Shepherd & Busbee*, for the motion.

*Messrs. J. B. Schulken* and *MacRae & Day*, contra.

CLARK, J.: This case differs widely from *Willis* v. *Railroad*, at this Term. There the agreement, which was admitted, was that the papers " should be *sent* " to the appellee's counsel. They were accordingly sent to him by express, and there was ample time, if he had promptly

notified the appellant's counsel that he had not intended to waive service, for the case to have been served by an officer. This Court held that, upon the admitted agreement, the appellant's counsel had reasonable ground to understand that service had been waived; and, besides, the appellee's counsel, under such circumstances, by delaying several days after he received notice that the papers were in the express office for him, and till too late for legal service, to notify appellee's counsel of the mistake, was estopped from insisting that the case could not be legally served after the time limited.

In the present case, the agreement, which is in writing, provides: " Next term of Brunswick court fixed for settlement of the case on appeal, appellants to serve case on the plaintiff at least a week before said court." This certainly extended the time of service, which is not denied, but so far from waiving service, it contemplates service, which means, of course, legal service. No other agreement is averred, but the appellants rely upon an affidavit that Mr. Cutlar on the last day (Saturday) upon which the case could have been served asked Mr. Rountree in Wilmington to accept service, who replied that he had no authority to do so, and to mail the papers to the other counsel in Whiteville, who three days thereafter notified the appellant's counsel that they would not accept service. As Mr. Rountree had no authority to accept service, he could not reasonably have been understood as waiving service, and Mr. Cutlar should at once have had the case legally served, especially as the agreed time for service was about to expire. Nor is there any estoppel, upon the appellee's counsel by their failure to promptly return the case; for, if returned by the next mail, the time for service would have expired, and their conduct could not have misled the appellant's counsel to their

detriment. In these two essential particulars the case differs from *Willis* v. *Railroad*. Affidavits are filed by the appellee's counsel, reciting, among other things that the appellant's counsel had given them notice that " no favors would be given or received, " that Mr. Cutlar had since stated to them that his real reason for sending the case by mail was that he did not know that the law required service by an officer, and expressly denying any written or verbal agreement to waive the service, or for service other than by an officer having been made between counsel. Indeed the appellants seem to rely greatly upon " the liberal practice heretofore prevailing among the members of the bar in the southeastern part of the State." PEARSON, C. J., in *Wilson* v. *Hutchinson,* 74 N. C., 432, gave notice to the bar that this plea would not avail against the express terms of the law, and this has been since cited and approved. This Court could not constitute itself a tribunal to decide the limits ( sure to be controverted ) of the " liberal practice heretofore obtaining in this district, " nor if such custom were admitted could it avail to nullify the statute. All that the Court can do, when the parties have stipulated to disregard the statute, is to construe the meaning of the agreement, if in writing, or even if verbal, provided it is admitted. *Mitchell* v. *Haggard,* 105 N. C., 173. If an alleged verbal agreement of counsel is denied ( as in this case ) the Court has uniformly refused the invidious task of weighing the affidavits of counsel. *Sondley* v. *Asheville,* 112 N. C., 694 ; *LaDuc* v. *Moore,* 113 N. C., 275 ; *Graham* v. *Edwards,* 114 N. C., 228 ; *Roberts* v. *Partridge,* 118 N. C., 355. Rule 39 of this Court, which has long been in force, is as follows: " The Court will not recognize any agreement of counsel in any case unless the same shall appear in the record, or in writing filed in the cause in this Court." Gentlemen of

the bar are the sole judges of the courtesies they shall extend to each other, and it is best every way that they should be. Like Gallio, we " will not judge of such matters." The Court will only administer legal rights.

*Certiorari* Denied.