Germantown Trust Company, Trustee, *v.* Forrest Hill Building & Loan Association, Appellant.

Argued October 15, 1936.

Before

478

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Norman J. Griffin,* for appellant.

*Richard W. Ledwith,* with him *MacCoy, Brittain, Evans & Lewis,* for appellee.

OPINION BY KELLER, P. J., February 26, 1937:

While the facts of this case are slightly different from those in *Pennsylvania Company etc., Trustee, v. Forrest Hill B. & L. Assn.,* (the same defendant), 125 Pa. Superior Ct. 465, 190 A. 556, the legal principles involved are the same.

In the present case the defendant on December 17, 1928 took title, as registered owner, to property No. 5200 Wakefield Street, Philadelphia subject to a first mortgage of $4500 held by plaintiff. By reason thereof, defendant became liable, inter alia, to pay the taxes

due the City and School District of Philadelphia, respectively, for the years 1931, 1932, 1933 and 1934, amounting to $897.24. On March 6, 1934, after liquidating trustees in voluntary dissolution of said association had been elected by the shareholders[1], and while the association was in the process of liquidation by these trustees, default was made in the payment of the interest due on said mortgage. The mortgage was foreclosed and the property sold, on May 7, 1934, by the sheriff under writ of levari facias to plaintiff on its bid of $50, delivery of the deed being made on May 14, 1934. As the proceeds of sale were not sufficient to pay any part of the taxes they remained a lien on the premises in the hands of the purchaser. On September 13, 1934 plaintiff paid the city and school district the taxes on said property, for which defendant was liable but which it had neglected to pay, and made demand on the association in the hands of the liqui·lating trustees for the amount so paid, $897.24, with interest. The liquidating trustees refused payment because the plaintiff had not presented them its claim, duly verified, prior to August 10, 1934, and plaintiff brought this action.

To plaintiff's statement of claim averring, inter alia, the above facts the defendant filed an affidavit of defense denying liability because plaintiff had not filed its proof of claim with the trustees by August 10, 1934. The other grounds of defense need not be referred to. They were correctly ruled against defendant by the cases of *Penna. Co. etc., v. Bergson,* 307 Pa. 44, 159 A. 32, and *Integrity Trust Co. v. St. Rita B. & L. Assn.* 112 Pa. Superior Ct. 343, 171 A. 283, and *Provident Trust Co. v. Judicial B. & L. Assn.,* 112 Pa. Superior Ct. 352, 171 A. 287, and are not here pressed.

---

[1] It appears in *Penna. Co. etc., Trustee v. Forrest Hill B. & L. Assn.,* supra, that the liquidating trustees were elected January 8, 1934 and published the first notice to creditors etc. required by the Act of May 5, 1933, P. L. 457, sec. 1106, on February 10, 1934.

A rule for judgment for want of a sufficient affidavit of defense was taken, but by stipulation filed the parties agreed that the case should be "decided on its merits from an examination of the pleadings and consideration of the points of law involved", and that judgment should "be given against either party as the result of such determination in the same manner as though the ......case were......on trial before the court sitting as a judge without a jury." We take it that this means that the case was to be tried by a judge without a jury on the statement and affidavit of defense, the parties admitting the averments of fact in the plaintiff's statement, which were not denied, and the inferences of fact reasonably to be drawn therefrom.

From the admitted facts in the pleadings and the inferences reasonably to be drawn therefrom, we are of opinion that the plaintiff was entitled to judgment for the amount of its claim with interest.

The liquidating trustees, from the books and records of the association, must have known that it was indebted to the City and School District of Philadelphia for taxes on 5200 Wakefield Street, for the years 1931, 1932, 1933 and 1934, soon after the time when by the articles of voluntary dissolution they commenced its liquidation. They were required by the Act of 1933, supra, to give notice to all corporations or persons known by them to be creditors of the association, informing them that they must present their claims, duly verified, within six months therefrom or be barred from sharing in any distribution of the assets of the association; and at the expiration of three months from the date of giving that notice they were required to send a notice, of like import, by registered mail to each such creditor who had not yet presented his claim. There is no allegation or averment that the liquidating trustees ever gave such notice, or sent notice by registered mail, to the City or School District of Philadelphia, informing them that

they must present their claims within six months, to wit, by August 10, 1934; and public advertisement of notice to that effect did not relieve the liquidating trustees of the duty imposed on them by law of giving direct and individual notice to the creditors of the association known by them to be such from the books or records of the association, or *otherwise*. If the giving of notice is relied on to sustain a forfeiture or divestiture of one's rights, directions as to how such notice shall be given must be strictly complied with: *Morris v. Trustees Metalline Land Co., Brooking's Appeal,* 164 Pa. 326, 30 A. 240; *Morris v. Trustees Metalline Land Co., Hoopes's Appeal,* 166 Pa. 351, 31 A. 114. The trustees not having strictly complied with the requirements of the act, the claims of the city and school district against the association for taxes accrued for the years 1931, 1932, 1933 and 1934 were not affected by the advertisement of notice and their failure to present their claims to the liquidating trustees by August 10, 1934; and the plaintiff, who paid the taxes as purchaser of the property, subject to their lien, was subrogated to the rights of the city and school district, and standing in their shoes, was not affected by their failure to present their claims pursuant to public advertisement, by August 10, 1934. As it did not pay the taxes until September 13, 1934, it had no claim to present for reimbursement before that date; but for the purpose of reimbursement, it stands in the position of the city and school district, whose rights, as against the funds in the hands of the liquidating trustees, by reason of the failure of the trustees to give the notices required by the Act of 1933, were not affected or barred.

The discussion contained in the opinion in the case of *Penna. Co. v. Forrest Hill B. & L. Assn.,* supra, as respects the lack of a definite declaration or enactment in the Act of May 5, 1933, supra, that a creditor of the association shall be deprived of his right of action on a valid

claim against it, or limited to six months within which he may bring suit and recover judgment, unless he presents his claim to the liquidating trustees within that period, likewise applies here.

Judgment, accordingly, should have been entered for the plaintiff, the court controlling the judgment and execution, so that no preference would be acquired by plaintiff over other *general* creditors of the association, whose rights are superior, however, to the claims of shareholders arising from their ownership of shares.[2] See *Malis v. Homer B. & L. Assn.*, 314 Pa. 321, 323, 171 A. 570.

Instead of doing so the court below made the following order: "In view of these considerations we are of the opinion that the liquidating trustees of the defendant should allow the plaintiff's claim as a general claim in the sum of $897.24, and unless said trustees will in five days from date hereof permit the filing of such claim in such sum leave is granted to the plaintiff to apply to this court for a further order in the premises."

This is not a final order or judgment, and no appeal lies from it. Moreover, the stipulation gave the court no authority to enter an order in that form. The appeal will therefore be quashed and the record remitted to the court below, that judgment may be entered in conformity with this opinion. It is so ordered.

---

[2] See sec. 1112 of Act of May 5, 1933, P. L. 457, as amended by Act of July 2, 1935, P. L. 574, p. 588.