IN THE MATTER OF THE APPEAL OF JAMES J. HARRIS and Wife, ANGELIA M. 'HARRIS, From the Valuation Placed on Their Property for Mecklenburg County for 1963.

(Filed 28 February, 1968.)

**1. Administrative Law § 5—**

A county is a party aggrieved and entitled to appeal from a decision of the State Board of Assessment reducing the valuation of property appraised by the county for tax purposes. G.S. 143-307.

**2. Notice § 2—**

Ordinarily, where a specified mode of giving notice is prescribed by statute, that method must be strictly followed.

**3. Administrative Law § 5—**

G.S. Chapter 143, Article 33, which confers upon a party aggrieved the right to the judicial review of an administrative decision, should be

liberally construed in favor of the party seeking review in order to pre-
serve and effectuate such right.

**4. Same;   Notice § 2—**

The failure of a party aggrieved to file a petition for the judicial re-
view of an administrative order not later than 30 days after a written
copy of the order had been served upon him by regular mail, *is held* not
to constitute a waiver or forfeiture of the party's right to petition for
review pursuant to G.S. 143-309, since the right of review under the statute
continues until 30 days have expired from service of the order by personal
service or by rgeistered mail, return receipt requested.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by Meckenburg County from *Bailey, J.,* August 7, 1967
Schedule A, Second Week, of WAKE, docketed and argued as No.
530 at Fall Term 1967.

In the 1963 revaluation of all real property in Mecklenburg
County for *ad valorem* taxation, the initial revaluation of each of
eleven tracts owned by James J. Harris and wife, Angelia M. Harris,
hereafter called taxpayers, was made by appraisers. See G.S. 105-278;
G.S. 105-294; G.S. 105-295. The County Board of Equalization and
Review reappraised these properties and increased the valuations
placed thereon by the appraisers. See G.S. 105-327.

The taxpayers appealed (G.S. 105-329) to the State Board of
Assessment which, on November 3-5, 1965, in Raleigh, N. C., after
a hearing at which "both parties presented extensive testimony and
documentary exhibits," entered an Administrative Order bearing
date of May 17, 1966, which, as to six tracts, sustained the valua-
tions of the County Board of Equalization and Review, and which,
as to five tracts, reduced its valuations.

On June 28, 1966, the taxpayers filed a petition in the Superior
Court of Wake County for judicial review (G.S. 143-307) in which
they prayed that "the decision of the Board of Assessment issued on
May 31, 1966, be vacated and set aside," and that the cause "be re-
manded to the Board of Assessment for further consideration." Their
petition does not directly challenge the valuations placed on specific
properties but attacks the entire decision as arbitrary, contending,
*inter alia,* (1) the State Board of Assessment, in its determinations
of valuations, did not take into consideration the factors set out in
G.S. 105-295, and (2) the valuations placed on the taxpayers' prop-
erties were greater than those on similar properties in the same gen-
eral vicinity.

On July 7, 1966, Mecklenburg County filed in the Superior
Court of Wake County a petition to review that portion of the de-

cision of the State Board of Assessment which reduced the valuations on five specific tracts.

The hearing below was on the taxpayers' motion to dismiss Mecklenburg County's said petition for review on the ground it had not been filed within the time prescribed by statute.

The order from which Mecklenburg County appeals contains the following findings: On Tuesday, May 30, 1966, H. C. Stansbury, Secretary of the State Board of Assessment, "forwarded a copy of said Administrative Order (dated May 17, 1966) by regular U. S. mail to the taxpayers, James J. Harris and Angelia M. Harris, and also on said day he deposited four separate copies of said Order in the regular United States mail with proper postage prepaid and properly addressed to the following representatives of Mecklenburg County: Mr. Sam T. Atkinson, Jr., Chairman of the Board of County Commissioners, the Clerk to the Board of County Commissioners, Mr. Robert Alexander, Tax Supervisor of the County, and Dockery, Ruff, Perry, Bond & Cobb (general Attorneys for Mecklenburg County who did not appear in this matter); that a letter of transmittal accompanied each of the aforesaid copies of said Administrative Order mailed to said persons; that in the usual and ordinary course of the mails, Mecklenburg County received on or about May 31, 1966, one or more of the aforesaid four copies of said Administrative Order and thereby had actual notice of the contents and ruling thereof; that Mecklenburg County has not filed any denial that it received a copy of said Administrative Order on May 31, 1966; . . . that Ernest S. DeLaney, Jr., Special Attorney for Mecklenburg County, stated to the Court and the Court finds that a copy of said Administrative Order was not mailed to him personally by the N. C. State Board of Assessment."

The order entered by Judge Bailey concludes as follows:

"Upon the foregoing findings of fact, the Court concludes that under said circumstances Mecklenburg County was not actually prejudiced by said Administrative Order being forwarded by regular mail rather than by registered mail and that under G.S. 143-309 Mecklenburg County had a period of thirty days from and after May 31, 1966, in which to file its petition for review; and that therefore the aforesaid petition to review filed by Mecklenburg County on July 7, 1966, was not timely filed within the required 30-day period.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of petitioners, James J. Harris and Angelia M. Harris, is allowed and the appeal of Mecklenburg County in this matter is dismissed."

Mecklenburg County excepted "(t)o the foregoing Order and the signing and entry of the same." No exception was taken to any of the court's findings of fact.

*Bradley, Gebhardt, DeLaney & Millette for appellant.*
*Boyle, Alexander & Carmichael and Smith, Leach, Anderson & Dorsett for appellees.*

BOBBITT, J.  The record does not disclose whether any of the questions raised by the taxpayers' petition for review have been decided or considered. Presumably, these questions await consideration and decision at some further hearing.

The only question presented by this appeal is whether the court erred in dismissing Mecklenburg County's petition for review.

Mecklenburg County is a person "aggrieved by a final administrative decision" and entitled to a judicial review thereof. G.S. 143-307; *In re Assessment of Sales Tax,* 259 N.C. 589, 131 S.E. 2d 441. The sole question is whether it has *waived* its right to review by failure to file its petition in the Superior Court of Wake County within the prescribed statutory time.

G.S. 143-309, in pertinent part, provides: "In order to obtain judicial review of an administrative decision under this chapter the person seeking review must file a petition in the Superior Court of Wake County; . . . Such petition may be filed *at any time* after final decision, but must be filed not later than thirty days after *a written copy* of the decision is served upon the person seeking the review *by personal service* or *by registered mail, return receipt requested. Failure to file* such petition *within the time stated* shall operate as *a waiver* of the right of such person to review under this chapter, except that for good cause shown, the judge of the superior court may issue an order permitting a review of the administrative decision under this chapter notwithstanding such waiver." (Our italics.)

The court's findings of fact establish that Mecklenburg County received *on or about* May 31, 1966, in the usual and ordinary course of the mails, "one or more of the aforesaid four copies of said Administrative Order and thereby had actual notice of the contents and ruling thereof," and that Mecklenburg County has not denied it received such copy on May 31, 1966. There is no finding as to the exact date on which Mecklenburg County or any particular official thereof received such a copy. Nor is there any admission by Mecklenburg County with reference thereto.

Under G.S. 143-309 a petition for review may be filed *at any time*

after final decision by the State Board of Assessment. The only requirement is that such petition must be filed not later than thirty days "after a written copy of the decision is served upon the person seeking the review by personal service or by registered mail, return receipt requested." Here, the "written copy" was not served either "by personal service" or "by registered mail, return receipt requested."

A distinctive feature of each of the two prescribed methods of service is certainty in respect of proof of service. Seemingly, the General Assembly intended to avoid, if possible, the necessity for hearings to determine whether or when a "written copy" was served. Too, it may have thought the receipt of a "written copy" by *registered mail* would direct attention to the importance of the document and the need for immediate attention. Whatever the reasons therefor, the General Assembly provided that service by one or the other of two specific methods is prerequisite to the commencement of the thirty-day period prescribed for filing a petition for review.

Ordinarily, "(w)here a specified mode of giving notice is prescribed by statute, that method is exclusive." 39 Am. Jur., Notice and Notices § 9, p. 237. "Generally speaking, a person relying on the service of a notice by mail must show a strict compliance with the requirements of the statute." 66 C.J.S., Notice § 18(e)(1), p. 663.

"(I)f the statute provides for notice to be given, the notice which is prescribed must be given; and failure to give such notice will render any order of the board void, in the absence of a waiver thereof." 84 C.J.S., Taxation § 503(b), p. 947.

In *Yuma County v. Arizona Edison Co.*, 65 Ariz. 332, 180 P. 2d 868, the Court considered a statute requiring the State Board of Equalization to give notice to a taxpayer by registered letter if it increased the taxpayer's valuation of its property. Notice by telegram was held insufficient. Udall, J., for the Supreme Court of Arizona, said: "(A)lthough notice requirements are liberally construed where the statute either makes no provision for notice or merely provides generally that notice shall be given, still the rule is more stringent when the statute details the method of giving notice; . . ."

In *Linder v. Watson*, 151 Ga. 455, 107 S.E. 62, the Court considered a statute requiring the County Board of Equalizers to give notice to a *resident* taxpayer, "either personally or by leaving same at his residence or place of business," if it increased the taxpayer's valuation of his property. Notice was given the taxpayer by mail, the prescribed method of service on *nonresidents*. On account of failure to give notice in accordance with the statute, the taxpayer obtained judgment enjoining the collection of taxes to the extent

they were based on the increase in valuation placed thereon by the County Board of Tax Equalizers. Beck, P. J., for the Supreme Court of Georgia, said: "The fact that the taxpayer . . . received the notice sent through the mail does not cure the failure to serve the notice as provided by the statute. A statute providing for notice, in a case like the present one, where for failure of service a man may be deprived of his property, must be strictly construed."

In *Allen v. Strickland*, 100 N.C. 225, 6 S.E. 780, notice by the judgment debtor to the judgment creditor of his exceptions to the valuation placed upon the personal property allotted as his exemption was given personally to the plaintiff's attorney and by mail to the plaintiff. The notice, although given within the statutory time, was not given in the prescribed statutory form and manner. Ruling the notice insufficient, Merrimon, J. (later C.J.), for the Court, said: "Unless it (notice) is given as the law directs or allows, the party to whom it is given is not bound to recognize or act upon it, nor indeed is it notice. It is the legal sanction that gives the notice, in sufficient form and substance, life and efficacy."

In *McNeill v. R. R.*, 117 N.C. 642, 23 S.E. 268, the service of a case on appeal was held ineffectual because not made *by a proper officer* within the prescribed time. Accord: *Smith v. Smith*, 119 N.C. 311, 25 S.E. 877; *Herndon v. Autry*, 181 N.C. 271, 107 S.E. 3.

"If the giving of notice is relied upon to sustain a forfeiture or divestiture of one's rights, directions as to how such notice shall be given must be strictly complied with." *Pennsylvania Co., etc., v. Forrest Hill Bldg. & L. Ass'n*, 190 A. 556, 559 (Pa.); *Germantown Trust Co. v. Forrest Hill Bldg. & L. Ass'n.*, 190 A. 561, 562-563 (Pa.). The Pennsylvania statute involved in each of these cases provided for service of notice either personally or by registered mail in order to bar a creditor from proving his claim against an insolvent building and loan association. It was held that notice *as prescribed by statute* was required. As pointed out below, the construction of G.S. 143-309 for which appellees contend is not in aid of the right to review but is in aid of a means of effectuating a waiver or forfeiture of such right.

In *White v. March*, 147 Me. 63, 83 A. 2d 296, the statute involved provided that service of process upon a nonresident motorist was sufficient, "provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, and the plaintiff's affidavit of compliance herewith, are appended to the writ and are filed with the clerk of courts in which the action is pending, . . ." The Supreme Judicial Court of Maine held the statute must be con-

strued strictly and strictly followed; and, on account of failure to comply with its requirements, the court did not acquire jurisdiction. Accord: *Spearman v. Stover*, 170 So. 259 (La.); *Syracuse Trust Co. v. Keller*, 35 Del. 304, 165 A. 327. Recently, in *Distributors v. McAndrews*, 270 N.C. 91, 153 S.E. 2d 770, it was held that our statute, G.S. 1-105, providing for service of summons on nonresident motorists must be strictly construed and strictly followed.

Appellees contend the provisions as to notice in G.S. 143-309 should be construed liberally in their favor. As authority for such construction they cite *Fleisher Engineering and Constr. Co. v. United States*, 311 U.S. 15, 85 L. Ed. 12, 61 S. Ct. 81, and *United States v. Peerless Casualty Company*, 255 F. 2d 137.

In *Fleisher* the action was instituted by the United States of America for the use and benefit of one George S. Hallenbeck upon a payment bond given by the prime contractor on a government project pursuant to the Miller Act. 40 U.S.C., §§ 270a(a)(1, 2) and 270b(a). Hallenbeck had performed labor for a subcontractor. The statute conferred a right of action upon the bond "upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor . . . for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party . . . for whom the labor was done or performed." It provides that "(s)uch notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons." It was conceded that the prime contractor received written notice and that the contents thereof were adequate. However, such notice was not sent by "registered mail." The Supreme Court, in opinion by Mr. Chief Justice Hughes, held the statute was "highly remedial and should be construed liberally" *in favor of the person upon whom it conferred new rights*. In holding the notice sufficient, the Supreme Court affirmed *United States v. Fleisher Engineering & Const. Co.*, 107 F. 2d 925, and seemingly overruled *United States v. Bass*, 111 F. 2d 965. The opinion quotes with approval this excerpt from the opinion of Mr. Justice Brandeis in *Illinois Surety Co. v. John Davis Co.*, 244 U.S. 376, 61 L. Ed. 1206, 37 S. Ct. 614: "Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute" (an earlier statute providing for actions on the bond of a prime contractor on a government project).

Subsequently, in *Peerless*, the Court of Appeals of the Eighth Circuit, relying on *Fleisher*, held a notice sent in the ordinary course of mail and not by registered mail, which was received by the contractor and answered in the same course of mail, was a sufficient compliance with the statutory requirement as to notice.

The cited federal decisions are not authoritative and, in our opinion, are distinguishable factually from the present case.

"No appeal lies from an order or decision of an administrative agency of the State or from judgments of special statutory tribunals whose proceedings are not according to the course of the common law, unless the right is granted by statute." *In re Assessment of Sales Tax, supra*. The right to petition for review of the administrative order of the State Board of Assessment is conferred by the statute now codified as G.S. Chapter 143, Article 33, entitled "Judicial Review of Decisions of Certain Administrative Agencies." The primary purpose of this statute is to confer such right to judicial review; and, in our opinion, the statute should be liberally construed *to preserve and effectuate such right*. Hence, the provisions of G.S. 143-309 providing for the waiver or forfeiture of such right under certain conditions should be construed strictly; and, when so construed, the right to petition for review continues unless and until thirty days have expired from the date "a written copy" of the administrative order has been served on the party seeking review either *by personal service* or *by registered mail, return receipt requested*. Absent service by either of the two methods prescribed therefor, there was no waiver or forfeiture of Mecklenburg County's right to petition for review.

Our conclusion is that Mecklenburg County's petition for review was filed as permitted by G.S. 143-309. Accordingly, the judgment of the court below dismissing Mecklenburg County's petition for review *solely on the ground it was not filed in apt time* is reversed.

Reversed.

Huskins, J., took no part in the consideration or decision of this case.