190 S.E.2d 224 (1972)
Gerald D. JAMES
v.
WAYNE COUNTY BOARD OF EDUCATION.
No. 7210SC382.
Court of Appeals of North Carolina.
August 2, 1972.
Certiorari Allowed October 3, 1972.
*225 Freeman & Edwards, by George K. Freeman, Jr., Goldsboro, and Young, Moore & Henderson, by Charles H. Young, J. Clark Brewer and B. J. Henderson, II, Raleigh, for respondent appellee.
Sanford, Cannon, Adams & McCullough, by J. Allen Adams, Raleigh, for petitioner appellant.
Certiorari Allowed by Supreme Court October 3, 1972.
VAUGHN, Judge.
Respondent argues, as the trial judge held, that petitioner is not entitled to judicial review under Article 33 of G.S. 143. We concede that precisely which administrative decisions are subject to review under the article is somewhat vague. The special study commission which recommended the legislation to the Governor and the 1953 Session of the General Assembly stated:
"The act provides general directions as to what kind of agency decisions are subject to the act; but the duty of determining in a specific case whether a decision is reviewable under this act is left with the bar and bench." Report of the Special Commission Created By The 1951 General Assembly to study Practices and Procedures Before State Administrative Agencies. (1952) Page 22.
We hold, however, that the decision of the Wayne County Board of Education terminating the employment of the Superintendent of Schools and declaring the office vacant is subject to review under Article 33. Although the statute providing *226 for the removal of school superintendents, G. S. § 115-42, contains a proviso that "such superintendent shall have the right to try this title to office in the courts of the State," the statute is silent as to the procedure and the scope of review contemplated. We hold that the procedure and scope of review shall be as provided by Article 44 of G.S. Chapter 143.
Appellee argues and the trial judge held that the court had no jurisdiction over the "person of the respondent."
Although not made a part of the record on appeal, petitioner upon filing his petition for review, apparently caused a "summons" to be issued and served on each of the members of the Board. The court held that the summons was fatally defective and that the court, therefore, had no jurisdiction over the person of respondent. We need not discuss the validity of the "summons" for no summons was needed. Petitioner was not instituting any action or proceeding, he was attempting to seek judicial review of a proceeding which respondent had instituted against him. The only question, therefore, is whether petitioner sought review in the manner required by G.S. § 143-309. That statute requires that the petition be filed in the Superior Court of Wake County not later than thirty (30) days after a written copy of the Board's decision is served upon him. Although there is nothing in the record to indicate when, if ever, a written copy of the Board's decision was served on petitioner, petitioner's petition for review was filed in the Superior Court of Wake County on the day following the Board's decision.
The only question remaining is, therefore, whether the petition for review must be dismissed for failure to comply with G.S. § 143-310. That section provides that "[w]ithin ten days after petition is filed with the court, the person seeking the review shall serve copies of the petition by registered mail, return receipt requested, upon the agency which rendered the decision. . . ." The record before us discloses that the Sheriff of Wayne County served a copy of the petition for review and the restraining order on the Chairman and each member of the Board at 9:12 p. m. on 20 January 1972. An affidavit by one of the attorneys for petitioner, which is part of the record on appeal, discloses that the Board was in session at approximately 9:00 p. m. on that date and that he personally served a copy of the petition on the attorney for the Board. The respondent filed an answer to the petition responding to each and every paragraph thereof. Our Supreme Court has held that the primary purpose of the statute is to confer the right of review and that the statute should be liberally construed to preserve and effectuate that right. In re Appeal of Harris, 273 N.C. 20, 159 S.E.2d 539. We hold that, under the circumstances presented, the court had jurisdiction to entertain petitioner's petition for judicial review.
The judgment is reversed and the cause is remanded to the Superior Court of Wake County for judicial review under the provisions of G.S. Chapter 143, Article 33.
Reversed and Remanded.
MORRIS and GRAHAM, JJ., concur.