IN RE: APPEAL OF BRUNSWICK COUNTY

No. 8510SC1106

(Filed 17 June 1986)

1. **Administrative Law § 5— county as person aggrieved by final agency decision — appeal proper**

Brunswick County was an aggrieved person pursuant to N.C.G.S. § 150A-43 where the board of the department of social services resolved to reinstate respondent, a dismissed employee, and to pay her back wages and attorney fees; this resolution was then sent to the County Commissioners for funding; this ruling affected the expenditure of county revenues; and the county was thus a person aggrieved by a final agency decision.

2. **Administrative Law § 5— county's failure to intervene in administrative proceedings — no bar to judicial review**

Brunswick County's failure to intervene in the administrative proceedings regarding reinstatement of a dismissed employee did not bar the county's right to seek judicial review of any resulting final agency decision, since the intervention statute, N.C.G.S. § 150A-23, is permissive only and did not require the county to intervene.

3. **Administrative Law § 5— county not served with administrative ruling — judicial review not blocked by statutory time limitation**

Brunswick County was never properly served with a copy of a declaratory ruling by the Director of the Office of State Personnel, and so the thirty-day period for seeking review established by N.C.G.S. § 150A-45 never commenced so that the county's petition for review of the final agency ruling seven months after the ruling was filed was not barred.

4. **Social Security and Public Welfare § 1— department of social services — hiring and firing of personnel — "local appointing authority" — agency ruling improper**

The Director of the Office of State Personnel erred in concluding that the local board of the department of social services became the "local appointing authority" pursuant to N.C.G.S. § 126-37 in the absence of a permanent full-time director, since N.C.G.S. § 108A-14(2) gives the director the exclusive power to hire and fire the department's personnel; the statute makes no distinction between acting and permanent directors; and there is no implied or implicit authority in the statutes that the local board has any authority to appoint personnel in the absence of a permanent full-time director.

APPEAL by respondent from *Bailey (James H. Pou), Judge.* Order entered 1 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 5 March 1986.

Alinda Meares (hereinafter "respondent") was hired by the Brunswick County Department of Social Services as an Adminis-

trative Secretary (V) on 15 January 1979, under the competitive service system which required adherence to a merit system of personnel administration. Respondent was discharged from her position on 8 September 1981 by Jamie Orrock, then the Director of the Brunswick County Department of Social Services (hereinafter "DSS" or "Board"), who then abolished her position. Respondent appealed her dismissal to the DSS Board. At a hearing held on 14 September 1981, the Board voted unanimously to reinstate respondent to her former position because of procedural and substantive deficiencies. Thereafter, Orrock refused to follow the recommendation of the Board.

On 18 September 1981, respondent filed an appeal with the North Carolina Office of State Personnel; however, on 4 January 1982 and before any action was taken by the Personnel Commission, she dismissed that appeal upon advice of the State Personnel Office that she seek injunctive relief in the Brunswick County Superior Court. On 10 December 1981, respondent filed an action seeking a writ of mandamus requiring her reinstatement. After an evidentiary hearing, the trial court ruled that respondent had failed to exhaust her administrative remedies prior to the institution of that action, and dismissed her action by Order dated 30 August 1982. Respondent appealed the dismissal of her action to this Court. In an unpublished opinion filed 15 November 1983, this Court affirmed the trial court and held that respondent "failed to exhaust her remedy of appeal to the State Personnel Commission despite the fact that its decision might only be advisory." Subsequent to that decision, the Office of State Personnel reopened the case for hearing.

During the pendency of this matter, the Board dismissed Director Orrock for personal conduct and appointed an "Acting Director." Thereafter, the Board instructed its attorney, Avery Bordeaux, to negotiate a settlement with respondent. The resulting settlement was presented to the Board on 15 May 1984, and the Board adopted a resolution reinstating respondent to her former position, with back pay from date of termination and accumulated leave, plus expenses and attorney fees of $8,500.00. The resolution was forwarded to the Brunswick County Board of County Commissioners (hereinafter "Commissioners") for funding and implementation. By letter dated 30 May 1984, the Commis-

sioners notified the DSS Board of the vote denying the reinstatement of respondent.

Upon the Commissioners' refusal to uphold the resolution of settlement, the Board instructed Bordeaux to seek a Declaratory Ruling from the Office of State Personnel. By amended petition signed 29 June 1984, Bordeaux requested a declaratory ruling on the following issues:

> 1. Who constitutes the "*local appointing authority*" as set forth by the facts alleged in the complaint and petition and N.C.G.S. 126-37.

> 2. Can the "*local appointing authority*" enter into binding legal agreements relating to settlement or defense of personnel actions pending before the State Courts or any State Agency, including the State Personnel Commission.

Pursuant to this request, Harold H. Webb, the Director of the Office of State Personnel, entered the following ruling:

> This request for a declaratory ruling has been made during the pendency of an active personnel grievance; the Brunswick County Board of Social Services is the respondent in a grievance currently before the State Personnel Commission. The Brunswick County Board of Social Services (hereinafter "Board") has requested an interpretation of the phrase "local appointing authority" found in G.S. § 126-37. § 126-37 does not, in and of itself, define "local appointing authority"; neither is a definition found elsewhere in Chapter 126. The phrase itself is clear and unambiguous; thus, other statutes must be consulted.

> N.C.G.S. § 108A-9 sets out the duties of the various boards of social services. § 108A-9(1) empowers a board to appoint a social services director. However, § 108A-9 does not empower a board of social services to appoint personnel other than the director. § 108A-14 sets out the duties of a social services director. § 108A-14(2) empowers the director to appoint necessary personnel for the department of social services. Clearly, in a situation in which there is a permanent, full-time director of social services appointed by the board of social services in conformity with § 108A-9(1) then

the director of social services would be the "local appointing authority."

However, the request not only asks who is the "local appointing authority" under normal and usual circumstances, but also, who constitutes the "local appointing authority" in the following specific factual situation: the Board of Social Services has fired the director of social services, appointed for the interim an "acting" director of social services and has not either appointed a permanent, full-time director or confirmed the "acting["] director as a permanent, full-time director.

There is no law in Chapter 108A which addresses the above situation. Neither is there any case law on point. However, since the board of social services has the statutory responsibility to select the director and to consult with him regarding departmental problems, it appears logical that in the absence of a permanent, full-time director the board of social services should qualify as the "local appointing authority" for the purposes of GS § 126-37.

The second question asked is, "Can the 'local appointing authority' enter into binding legal agreements relating to settlement . . . of personnel actions pending before . . . the State Personnel Commission?" This question is more properly the subject of an Attorney General's opinion; however, this Director, based upon his experience with the State Personnel Commission, states that any party can enter into a settlement agreement of pending personnel cases. Further, the records of the State Personnel Commission reflect that boards of social services have been parties to personnel cases before the State Personnel Commission and have entered into binding agreements with opposing parties.

As a result of this ruling, Bordeaux on behalf of DSS, negotiated a settlement agreement with respondent. The agreement, which awarded respondent reinstatement, back pay and attorney fees was incorporated into a resolution adopted by the full Board on 21 August 1984. This agreement was certified by the full Personnel Commission on 17 October 1984.

On 28 December 1984, Brunswick County filed a Petition for a review of the final agency ruling filed 27 July 1984. Respondent

filed a response to the petition which asserted, among other defenses, that petitioner failed to seek judicial review within thirty days of the issuance of the declaratory ruling, and did not commence "this action within a reasonable period of time and has failed to comply with N.C.G.S. 150A-23(d), 150A-43 and 150A-45."

The matter came on for hearing before Judge Bailey who entered the following Order:

THIS CAUSE came on for hearing before the undersigned on June 18, 1985. After hearing oral argument from the parties in this action and upon consideration of the matters presented to the Court, it is ordered as follows:

1. The declaratory ruling issued by Mr. Harold Webb, Director, Office of State Personnel, on July 27, 1984, was in error in the following respects:

a. Mr. Webb erred in ruling that the Board of Social Services is a local appointing authority for the department of social services in the absence of a full-time permanent director. Only a full-time permanent director or acting director of social services can be the appointing authority for the department of social services because G.S. § 108A-14 gives the right to hire and fire personnel of the department of social services to the director only.

b. Mr. Webb erred in ruling that the local appointing authority can enter a binding agreement to settle personnel disputes without the approval of the board of county commissioners. Public money can only be spent pursuant to approval of the appropriate legislative body or pursuant to judgment of a court of competent jurisdiction.

2. This matter is remanded to the State Personnel Commission for further proceedings not inconsistent with the findings and rulings herein.

From the entry of this Order, respondent appealed.

*Womble, Carlyle, Sandridge and Rice by Allan R. Gitter and William A. Blancato, and David L. Clegg, County Attorney, Brunswick County, for petitioner-appellee.*

*McGougan, Wright and Worley by Dennis T. Worley for respondent-appellant.*

PARKER, Judge.

[1] In her first assignment of error, respondent contends the trial court erred in reviewing the final agency decision issued by Director Webb because Brunswick County (i) is not a party to the proceedings, (ii) failed to file a motion to intervene in the proceedings pursuant to G.S. 150A-23(d) and (iii) failed to file a petition for judicial review within thirty days "after a written copy of the decision [was] served upon the person seeking the review by personal service or by registered mail" as required by G.S. 150A-45. We disagree.

Under G.S. 150A-43, any person aggrieved by a final agency decision may seek judicial review of that decision. A county may be an aggrieved person when an agency issues a ruling that could affect the county's revenue. *In re Appeal of Harris*, 273 N.C. 20, 159 S.E. 2d 539 (1968). Pursuant to Director Webb's ruling, the Board resolved to reinstate respondent, and to pay her back wages and attorney fees. This resolution was then sent to the County Commissioners for funding. Because this ruling affected the expenditure of county revenues, Brunswick County was an aggrieved person pursuant to G.S. 150A-43.

[2] Further, Brunswick County's failure to intervene in the administrative proceedings does not bar their right to seek judicial review of any resulting final agency decision. The intervention statute, G.S. 150A-23, is permissive only, and did not require Brunswick County to intervene.

[3] Finally, because Brunswick County was never properly served with a copy of the declaratory ruling, the thirty-day period for seeking review established by G.S. 150A-45 never commenced. Although the affidavit of Betty S. Varnam stated that she "personally hand delivered on October 25, 1984, a copy of the *settlement agreement* to William D. Carter, County Manager for the County of Brunswick" and that certified copies were mailed, return receipt requested, to the individual members of the Board of Commissioners, she did not state that she delivered a copy of the *declaratory ruling* to these individuals as required by G.S.

150A-45. Further, the affidavit of Dennis T. Worley, attorney for respondent, stated that "on November 7, 1984, a copy of the Declaratory Ruling issued by Harold Webb, dated July 27, 1984, and the Settlement Agreement . . . was delivered personally to David Clegg, Brunswick County Attorney . . . ." The county attorney is not the person authorized to accept service for the county. Service upon the county manager or on the chairman, clerk or any member of the board of commissioners is necessary for service upon the county to be effective. G.S. 1A-1, Rule 4(j)(5)(b). Because the declaratory ruling was not served on Brunswick County in accordance with statute, it has not waived its right to seek judicial review by waiting more than thirty days after it received a copy of the decision to file its petition for review. *In re Appeal of Harris*, 273 N.C. at 27, 159 S.E. 2d at 545. The assignment of error is overruled.

[4] In her final assignment of error, respondent contends the Court committed reversible error in concluding that Director Webb was in error in the issuance of the declaratory ruling dated 27 July 1984. Respondent asserts that "the broad managerial authority [in G.S. 108A] should impliedly and implicitly include the authority to resolve legal issues, especially when the Board was without the services of a full-time Director." We disagree.

General Statute 108A-14(2) gives the director of a county department of social services the exclusive power to hire and fire the department's personnel. Director Webb ruled that (i) an acting director does not have the power to appoint personnel and (ii) in the absence of a permanent full-time director, the Board becomes the "local appointing authority" under G.S. 126-37. We find no implied or implicit authority in the statutes that the local Board has any authority to appoint personnel in the absence of a permanent full-time director. The General Assembly has delegated certain responsibilities to the local boards, G.S. 108A-9, and certain responsibilities to the director of the local board. G.S. 108A-14. The statute makes no distinction between "acting" and "permanent" directors. Our reading of the statutes reveals that the Board's sole involvement in personnel matters is "[t]o select the county director of social services . . . ." G.S. 108A-9(1). The director derives his authority to appoint personnel directly from the General Assembly, not from the Board. Judge Bailey was correct when he ruled that Director Webb erred in concluding that

the local board became the "local appointing authority" pursuant to G.S. 126-37 in the absence of a permanent full-time director.

Accordingly, the Order appealed from is

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.